■ In the Matter of JENNIFER R. MARLAINE R., Appellant; COMMISSIONER OF SOCIAL SERVICES OF WESTCHESTER COUNTY, Respondent. — Appeal from an order of the Family Court, Westchester County, dated February 22, 1980, which, after a hearing, *inter alia,* committed Jennifer R. to the custody of the Commissioner of Social Services of Westchester County and empowered him to consent to the adoption of the child without notice to or consent of the child's mother. Order affirmed, without costs or disbursements. Four days after she was born on October 23, 1970, Jennifer R. was placed in foster care with the permission of her mother. The instant proceeding was brought some nine years later pursuant to section 384-b (subd 4, par [c]) of the Social Services Law to terminate the mother's parental rights on the ground she was unable to care for the child by reason of mental illness. After carefully reviewing the record, we conclude that the commissioner has established by clear and convincing evidence that the mother is "presently and for the foreseeable future unable, by reason of mental illness *** to provide proper and adequate care for" Jennifer, within the meaning of that provision. Turning to the mother's contentions of procedural error, the mere admission of the entire case file does not automatically warrant reversal. Her counsel was not denied the opportunity to examine the file at the time of the trial and counsel expressly stated he had no objection to its admission into evidence. Furthermore, this was a joint trial to terminate the father's parental rights on the ground of abandonment, pursuant to section 384-b (subd 4, par [b]) of the Social Services Law. The file was admitted ostensibly for the purpose of permitting the child's caseworker to testify on the issue of abandonment (see *Matter of Melanie Ruth JJ.,* 76 AD2d 1008; *Matter of Rosemary D.,* 78 AD2d 889). The mother contends that following the fact-finding hearing no dispositional hearing was held, and that, under *Matter of Roy Anthony A.* (59 AD2d 662), the Family Court erred in not holding a dispositional hearing. Where termination of parental rights is adjudicated upon a finding of mental illness, under section 384-b (subd 4, par [c]) of the

Social Services Law, a dispositional hearing is not mandated (cf. *Matter of Dlaine S.*, 72 AD2d 775). The mother's other contentions are without merit. Damiani, J. P., Gibbons, Margett and O'Connor, JJ., concur.