■ In the Matter of KATHERINE H. S. JACQUELINE SWEENEY S., Appellant; SAINT DOMINIC'S HOME, Respondent. — In a proceeding pursuant to section 384-b of the Social Services Law, *inter alia,* to terminate a mother's parental rights, she appeals from an order of the Family Court, Rockland County (Weiner, J.), dated November 7, 1980, which, after a fact-finding hearing, granted the relief requested. Order affirmed, without costs or disbursements. The instant proceeding, *inter alia,* to terminate the mother's parental rights, was instituted pursuant to section 384-b of the Social Services Law, based on her alleged permanent neglect (subd 4, par [d]), of her child and her inability to

care for the child by reason of mental illness (subd 4, par [c]). At the conclusion of the fact-finding hearing, and without a dispositional hearing, the court terminated the parental rights upon a finding of mental illness, and transferred guardianship and custody of the child to petitioner, Saint Dominic's Home, authorizing it to consent to the adoption of the child. The mother's assertion that the Family Court erred in failing to hold a dispositional hearing lacks merit. "Where termination of parental rights is adjudicated upon a finding of mental illness, under section 384-b (subd 4, par [c]) of the Social Services Law, a dispositional hearing is not mandated" *(Matter of Jennifer R., 81 AD2d 616)*. Thus, the failure to hold such a hearing was not error. We further find that petitioner established by clear and convincing evidence that the mother is "presently and for the foreseeable future unable, by reason of mental illness * * * to provide proper and adequate care for" the child (Social Services Law, § 384-b, subd 4, par [c]). Titone, J.P., Lazer, Weinstein and Thompson, JJ., concur.