■ In the Matter of JAY ROSENHAUS, Respondent. ELEANOR ROSENHAUS, Appellant. — In a habeas corpus proceeding, the mother appeals from so much of a judgment of the Supreme Court, Nassau County (Burstein, J.), entered August 2, 1983, as denied her application for a counsel fee for her defense in the proceeding.

Judgment affirmed insofar as appealed from, with costs.

Considering the circumstances of the case and of the respective parties, we find no abuse of discretion in the denial of the mother's application for a counsel fee (see Domestic Relations Law, § 237, subd [b]). The record shows that the habeas corpus proceeding was brought on as a result of the mother's violation of the visitation provisions of the parties' separation agreement. Such misconduct is properly the basis for denial of a party's application for attorney's fees (see *Dobransky v Dobransky,* 89 AD2d 614). Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.

■ In the Matter of BABY BOY T. MABEL T., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Respondents. — In a neglect proceeding, the mother appeals from an order of disposition of the Family Court, Queens County (Gallet, J.), dated March 15, 1983, which, after a dispositional hearing, adjudged the infant to be a neglected child within the meaning of article 10 of the Family Court Act and placed him with the respondent Commissioner of Social Services for a period not to exceed 18 months.

Order affirmed, without costs or disbursements.

Under the circumstances, it was not reversible error for the trial court to refuse to qualify the caseworker of the bureau of child welfare as an opinion witness on the issue of whether the child would be in danger if he was returned to his mother.

Furthermore, there was sufficient evidence to support the finding of neglect based on the mother's history of chronic undifferentiated schizophrenia and the likelihood of incidents of decompensation. Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.