■ In the Matter of ANDRE JERMAINE R. SOCIETY FOR SEAMENS CHILDREN et al., Respondents; BEVERLY R., Appellant.—In a proceeding pursuant to Social Services Law § 384-b to terminate the natural mother's parental rights on the basis of her mental incapacity to care for her child, the mother appeals from an order of disposition of the Family Court, Richmond County (Schechter, J.), dated September 23, 1985, which, after a hearing, terminated her parental rights. The appeal brings up for review a fact-finding order of the same court dated August 2, 1985, which, after a hearing, found that the mother is suffering from a mental illness which renders her unable to care for her child.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The mother is a 26-year-old woman with a lengthy history of mental illness and numerous hospitalizations. Her son, Andre Jermaine, who was born on September 2, 1979, was placed in foster care at the age of three as a result of a finding of neglect. The mother's most recent hospitalization, which was brought on by hallucinations and violent behavior, commenced in December of 1983. During this hospitalization, this proceeding was commenced to terminate her parental rights based on her mental incapacity to care for her child. After a fact-finding hearing, a finding of mental illness was made, and after a dispositional hearing, her parental rights were terminated.

On appeal, the mother contends that it was not established by clear and convincing proof that by reason of her mental illness she would not be able to provide proper and adequate care for her child in the foreseeable future.

This contention is without merit. The testimony given by the certified psychiatrist, based on his examination of the mother, clearly and convincingly documented her history of psychotic acts of violence on the command of hallucinated voices, her lack of basic living skills, lack of family support,

impaired judgment and insight, and continuing symptoms of mental illness. The doctor also noted the mother's pattern of discontinuing her medication and follow-up therapy whenever released from in-patient hospital status, resulting in her reversion to florid psychosis. This testimony, in conjunction with that of the social worker, and the documentary evidence in the form of agency records and the mother's Kingsboro Psychiatric Center record, established clearly and convincingly that she is unable to care properly and adequately for her child because of mental illness, and that this illness will continue for the foreseeable future (Matter of Vera T., 80 AD2d 511, affd 55 NY2d 1028).

We have examined the mother's remaining contentions and find them to be without merit. Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.