■ In the Matter of CAMILLE M., a Child Alleged to be Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMY M., Appellant.—In a proceeding pursuant to Social Services Law § 384-b to terminate the natural mother's parental rights on the ground that she is unable by reason of mental illness to provide proper and adequate care for her child, or in the alternative, on the ground that she has permanently neglected her child, the mother appeals from an order of the Family Court, Dutchess County (Bernhard, J.), dated September 11, 1987, which, after a hearing, terminated her parental rights and transferred guardianship and custody of the child to the petitioner Dutchess County Department of Social Services.

Ordered that the order is affirmed, without costs or disbursements.

On August 7, 1984, the mother, a then-22-year-old woman with a lengthy history of mental illness and numerous hospitalizations, gave birth to Camille, the subject of these proceedings. Less than two weeks later Camille was placed in foster care and has remained there since.

On appeal, the mother does not dispute that she is mentally ill within the meaning of Social Services Law § 384-b or that by reason of her mental illness she is presently unable to provide proper and adequate care for Camille. She contends, however, that it was not established by clear and convincing proof that she would be unable to provide this care in the foreseeable future (see, Social Services Law § 384-b [3] [g]; [4]). We find this contention to be without merit.

The court-appointed psychiatrist, based upon an examination of the mother and a review of her psychiatric records, testified that the mother was schizophrenic and had been hospitalized at least six times before and after the birth of the child with similar diagnoses. She further testified that due to a series of "schizophrenic breaks" precipitated by her failure to take medication the mother was functioning at a deteriorating intellectual level and was thus incapable of learning the child care skills necessary to properly care for Camille. It was this expert's opinion that the mother could not in the foreseeable future act as a proper parent to Camille. The mother's own psychiatrist conceded that the stress of having the child returned to her may cause yet another schizophrenic break and further hospitalization. The mother's inability to cope

with this stress is abundantly clear from the testimony of four social workers who, for over two years, unsuccessfully attempted to teach her basic child care. This testimony, together with documentary evidence in the form of the mother's psychiatric hospital records, all support the Family Court's conclusion that the petitioner clearly and convincingly established that the mother, by reason of her mental illness, would not be able to provide proper and adequate care for her child in the foreseeable future (see, Matter of Hime Y., 52 NY2d 242; Matter of Andre Jermaine R. 138 AD2d 380).

The petitioner also demonstrated by clear and convincing evidence that the child was "permanently neglected" within the meaning of Social Services Law § 384-b (7) (a) in that the mother, although physically and financially able to do so, failed to plan for the future of the child for more than one year following the date the child was placed in the custody of the petitioner. Furthermore, contrary to the mother's contention, we find that the petitioner fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the mother's relationship with her child (see, Social Services Law § 384-b [7] [f]; Matter of Star Leslie W., 63 NY2d 136; Matter of Leon RR, 48 NY2d 117; Matter of Orlando F., 40 NY2d 103). Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.