■ In the Matter of SEAN S. S. ANGEL GUARDIAN HOME et al., Respondents; GWENDOLYN S., Appellant.—In a proceeding pursuant to Social Services Law § 384-b, *inter alia,* to terminate the parental rights of the natural mother of the child upon the ground that she is presently and for the foreseeable future unable by reason of mental illness to provide proper and adequate care for the child, the mother appeals from so much of an order of the Family Court, Kings County (Ambrosio, J.), dated March 21, 1986, as found her unable to provide proper care for the child by reason of mental illness and committed the custody and guardianship of the child to the respondent Angel Guardian Home, after a fact-finding hearing.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The respondent Angel Guardian Home, an authorized agency, commenced the instant proceeding to terminate the parental rights of the parents of Sean S. S. Sean had been placed in the care of Angel Guardian Home when he was three months old. He is now six years of age. The Family Court, after a fact-finding hearing, found that the natural parents were unable to provide proper care for the child, by reason of mental illness. The mother now appeals.

Contrary to the mother's contentions, we find that there was clear and convincing evidence to support the conclusion that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for her child (see, Social Services Law § 384-b [4] [c]). This evidence consisted, *inter alia*, of testimony by a court-appointed psychiatrist as well as hospital records which documented her 10-year history of mental illness (*cf., Matter of Kathleen B.*, 90 AD2d 550). Moreover, the records and testimony pertaining to the mother's June 1985 hospitalization are of sufficient probative worth to warrant an inference that her illness was not in a state of remission at the time the hearings were conducted.

We further find that the Family Court did not err when it committed the custody and guardianship of the child to Angel Guardian Home without having conducted a dispositional hearing. Although this issue was not raised before the court of first instance and thus, not properly preserved for appellate review (*see, Zeballos v Zeballos*, 104 AD2d 1033), we note that "[w]here termination of parental rights is adjudicated upon a finding of mental illness under section 384-b (subd 4, par [c]) of the Social Services Law, a dispositional hearing is not mandated" (*Matter of Jennifer R.*, 81 AD2d 616, 617), and that the record, in any event, was sufficiently developed to support the determination that the best interests of the child were served by placement with Angel Guardian Home. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.