■ In the Matter of DONALD B. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTINE B., Appellant.—In a proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the parental rights of the natural mother of the child upon the ground that she is presently and for the foreseeable future unable by reason of mental illness to provide proper and adequate care for the child, the mother appeals from a joint fact-finding order and order of disposition of the Family Court, Orange County (Slobod, J.), dated February 17, 1987, which after a hearing, found that the mother is by reason of mental illness, presently and for the foreseeable future unable to provide proper and adequate care for the child, and committed the custody and guardianship of the child to the respondent Orange County Department of Social Services. The notice of appeal from the determination dated September 24, 1986, is deemed a premature notice of appeal from the order of disposition (see, CPLR 5520 [c]).

Ordered that the order is affirmed, without costs or disbursements.

The respondent Orange County Department of Social Services, an authorized agency, commenced the instant proceeding to terminate the parental rights of the mother of Donald B., who has been in foster care since he was approximately six weeks old. He is now approximately 9½ years old. His father's parental rights have previously been terminated on the ground of abandonment (see, Social Services Law § 384-b [4] [b]). After a hearing the Family Court found that the natural mother is by reason of mental illness, presently and for the foreseeable future, unable to provide proper and adequate care for her son.

Contrary to the mother's contentions, we find that there was clear and convincing evidence (see, Matter of Joyce T., 65 NY2d 39, 46) to support the conclusion that she is, by reason of mental illness, presently and for the foreseeable future unable to provide proper and adequate care for her son (see, Social Services Law § 384-b [4] [c]; Matter of Kathleen B., 144 AD2d 357; Matter of Sean S. S., 143 AD2d 836; Matter of Camille M., 143 AD2d 755; Matter of Andre Jermaine R., 138 AD2d 380). The uncontroverted testimony of the court-appointed psychiatrist detailed the appellant's schizophrenic condition. This doctor and two social workers agreed that the mother's judgment in child-rearing matters was such that she could not properly provide for her son's needs. Moreover, the psychiatrist was of the opinion that were the appellant to regain custody of her son, he would "be in imminent danger of becoming impaired". Thompson, J. P., Brown, Lawrence and Rubin, JJ., concur.