■ In the Matter of SHARON P. I., an Infant. BROOKLYN HOME FOR CHILDREN, Respondent; ROSALE I., Appellant.—In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the natural mother of the child upon the ground that she is presently and for the foreseeable future unable by reason of mental illness to provide proper and adequate care for the child, the mother appeals from so much of an order of disposition of the Family Court, Queens

County (Torres, J.), dated February 2, 1988, as, after a fact-finding hearing, found her unable to provide proper care for the child by reason of mental illness and committed the custody and guardianship of the child to the Brooklyn Home for Children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Sharon P. I. was placed in the care of the petitioner Brooklyn Home for Children in May 1985 when she was 5½ years old. In May 1987 the petitioner commenced the instant proceeding to terminate the parental rights of the mother because she is presently and, for the foreseeable future will be, unable to care for Sharon due to mental illness. After a fact-finding hearing, the Family Court granted the petition.

We agree with the Family Court that there was clear and convincing evidence to justify granting the petition (see, Social Services Law § 384-b [4] [c]). The court-appointed psychiatrist examined the appellant approximately one week before the hearing and, based on this examination, testified unequivocally that the appellant was then, and for the foreseeable future would be, unable to adequately care for her child (cf., Matter of Hime Y., 52 NY2d 242). His diagnosis of chronic schizophrenia manifesting itself in a serious thinking disorder was in substantial accord with the diagnosis of the psychiatrist at the out-patient hospital facility where the appellant had been treated for nearly two years without substantial improvement.

Contrary to the appellant's contention, the Family Court did not err in granting the petition without holding a dispositional hearing. The issue was not raised before the hearing court and, therefore, has not been preserved for appellate review (see, Matter of Sean S. S., 143 AD2d 836). In any event, a dispositional hearing was not required (see, Matter of Sean S. S., supra).

We have examined the appellant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.