■ In the Matter of DENISE EMILY K., Also Known as DENISE EMILY E. WESTCHESTER COUNTY DEPARTMENT OF SO-CIAL SERVICES, Appellant-Respondent; FOSTER PARENTS, Intervenors-Appellants-Respondents; DEBORAH K. Respondent-Appellant.—In a proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the parental rights of the natural mother upon the ground that she is presently and will be, for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for her child, (1)

the Commissioner of the Westchester County Department of Social Services and the foster parents separately appeal from an order of the Family Court, Westchester County (Barone, J.), entered June 19, 1989, which dismissed the petition and (2) the mother appeals from so much of an order of the same court, entered September 21, 1989, as, upon granting reargument, terminated her parental rights.

Ordered that the appeals from the order entered June 19, 1989 are dismissed, without costs or disbursements, as that order was superseded by the order entered September 21, 1989, made upon reargument; and it is further,

Ordered that the order entered September 21, 1989 is affirmed insofar as appealed from, without costs or disbursements.

The child involved in this proceeding was placed in the care of the Commissioner of the Westchester County Department of Social Services two days after her birth in 1985 pursuant to Family Court Act § 1022. The Commissioner subsequently commenced a neglect proceeding against the mother. In October 1987 the mother and the Commissioner agreed to a disposition of the neglect proceeding in which the child was placed in the Commissioner's care for an additional nine-month period and the mother agreed, *inter alia,* to continue in psychotherapy and to enter a parenting skills program. A court order incorporating the terms of the stipulation was not issued until May 1988.

In June 1988 the Commissioner commenced the instant proceeding to terminate the mother's parental rights based on the grounds of mental illness (Social Services Law § 384-b [4] [a]; [6] [a]) and permanent neglect (Social Services Law § 384-b [4] [d]; [7] [a]). The court, after a hearing, terminated the mother's parental rights on the ground of mental illness and did not reach the issue of permanent neglect.

We reject the mother's contention that the existence of a dispositional order in the original neglect proceeding precluded the Commissioner from instituting a proceeding to terminate her mother's parental rights on the ground of mental illness. The agreed-upon extension of placement for nine months was due to end in July 1988, and the issue of whether the mother's mental illness would preclude her from caring for the child in the future was not resolved in the neglect proceeding.

The order terminating the mother's parental rights is affirmed. We find that the Commissioner met his burden of

proving by clear and convincing evidence that the mother's mental illness presently renders her unable to provide adequate care for the child and will do so for the foreseeable future. The court-appointed psychiatrist testified that the mother, who had been hospitalized at least 13 times for acute psychotic episodes, suffered from chronic schizophrenia which even in remission produced symptoms of impaired judgment and illogical thinking. His unqualified opinion was that the mother would not be able to care for the child in the foreseeable future (see, e.g., Matter of Sean S. S., 143 AD2d 836; Matter of Camille M., 143 AD2d 755). The mother's treating psychiatrist agreed that she suffered from a serious mental illness but concluded that, with support services, education in parenting, continued therapy and medication, she might be able to care for the child in the foreseeable future. However, he also conceded that the mother, even with such support, may not be able to handle the stress of raising a child. The court did not err in relying on the opinion of the court-appointed psychiatrist in making its finding (see, Matter of Hime Y., 52 NY2d 242; Matter of Camille M., supra). Because the petition was granted on the ground of mental illness, the court was not required to hold a dispositional hearing (see, Matter of Sharon P. I., 153 AD2d 942; Matter of Sean S. S., supra).

In view of our determination, we need not reach the issues raised in the cause of action based on permanent neglect. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.