■ In the Matter of SUNJA S. ANGEL GUARDIAN HOME et al., Respondents; SONIA S., Appellant.—In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the mother, the mother appeals from so much of an order of disposition of the Family Court, Kings County (Esquirol, J.), dated July 6, 1990, as, after a hearing, granted the petition on the ground, *inter alia,* that the mother is presently and for the foreseeable future unable to provide proper and adequate care for the child by reason of mental illness, as defined by Social Services Law § 384-b (4) (c), and committed the guardianship and custody of the child to the petitioner Angel Guardian Home for the purpose of consenting to her adoption.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contentions, we find that there was clear and convincing evidence *(see, Matter of Joyce T.,* 65 NY2d 39) to support the conclusion that she is, by reason of mental illness, presently and for the foreseeable future unable to provide proper and adequate care for her infant *(see, Matter of Denise Emily K.,* 154 AD2d 596; *Matter of Camille M.,* 143 AD2d 755; *Matter of Baby Boy T.,* 105 AD2d 750). Based upon his review of the mother's medical records, which included a history of frequently-repeated hospitalizations for psychotic episodes within a six-year period, and his interview of the mother, the court-appointed psychiatrist diagnosed the mother as suffering from chronic paranoid schizophrenia. In his opinion, the mother's mental condition was such that if the child were returned to her, the child would be in danger of becoming a neglected child or even possibly an abused child.

Accordingly, the Family Court's order was proper *(see, Matter of Sharon P.I.,* 153 AD2d 942; *Matter of Donald B.,* 151 AD2d 477; *Matter of S. Children,* 148 AD2d 728; *Matter of Sean S.S.,* 143 AD2d 836). Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.