■ In the Matter of JOSE MANUEL THOMAS G. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ROSEMARY T., Respondent.—In a proceeding pursuant to Social Services Law § 384-b, *inter alia,* to terminate the parental rights of a mother by reason of mental illness, the petitioner Westchester County Department of Social Services appeals from so much of an order of the Family Court, Westchester County (Bellantoni, J.), dated December 3, 1990, as dismissed the petition as against the mother.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the branch of the petition which is to terminate the parental rights of the mother on the ground of mental illness is granted, and the matter is remitted to the Family Court, Westchester County, for a dispositional hearing.

This proceeding was brought pursuant to Social Services Law § 384-b to terminate the parental rights of the mother and father, so as to free the child for adoption. On April 12, 1988, six days after the child was born, the Westchester County Department of Social Services placed the child, with the consent of both parents, in foster care. The child has remained in foster care since that time. By petition dated June 13, 1990, the Department of Social Services sought termination of parental rights of the mother and father, upon allegations of mental illness *(see,* Social Services Law § 384-b [4] [c]). Following a fact-finding hearing, the Family Court granted the petition as against the father, and dismissed the petition as against the mother, concluding that the Department of Social Services had failed to present sufficient evidence to terminate the mother's parental rights.

The Family Court erred in dismissing the petition as against the mother. The Department of Social Services established by clear and convincing evidence that the mother would be unable to provide proper and adequate care for the child in the foreseeable future. The mother has been institutionalized

at least 10 times, encompassing most of her life from the ages of 13 to 28. While the mother was released from in-patient psychiatric care in March 1990, she remained in an out-patient facility, which provided a supervised schedule, meals, and medication.

At the hearing, the psychiatrist who qualified as an expert testified that in his opinion, the mother's mental disease was not curable since it involved an underlying defect in her brain structure or biochemistry. The expert additionally testified that the medication prescribed to the mother to control her explosive behavior did not guarantee against future relapses. Moreover, he testified that the mother could not independently care for the child in light of her inability to handle stress effectively, and he was reluctant to say that the mother could properly care for the child, even with full-time support.

The record further demonstrates a history of recurrent explosive behavior on the part of the mother, including threats to the psychiatric hospital staff, fire-setting, and alcohol abuse, as well as punching her stomach during pregnancy and expressing a desire to kill the child. Under these circumstances, we find that the mother is unable by reason of mental illness to provide proper and adequate care for the child *(see,* Social Services Law § 384-b [4] [c]; [6] [a]; *Matter of David Joseph G.,* 169 AD2d 439; *Matter of Camille M.,* 143 AD2d 755).

In light of the foregoing, which indicates that a positive, nurturing parent-child relationship no longer exists, and since the child has been in foster care virtually since birth, the court has an obligation to further "the best interests, needs, and rights of the child by terminating parental rights and freeing the child for adoption" (Social Services Law § 384-b [1], [4] [c]; *Matter of David Joseph G., supra,* at 440-441). In light of our determination, we remit the matter to the Family Court for a dispositional hearing. Thompson, J. P., Lawrence, Miller and Ritter, JJ., concur.