■ In the Matter of PAULINE Y. and Another. Marjorie Y., Appellant; ANGEL GUARDIAN HOME, Respondent. [598 NYS2d 32] —In two related proceedings pursuant to Social Services Law § 384-b to terminate the natural mother's parental rights to her two children upon the ground that she is presently and for the foreseeable future unable by reason of mental illness to provide proper and adequate care for the children, the mother appeals from two orders of disposition of the Family Court, Kings County (Palmer, J.), both dated March 22, 1991, which, after a fact-finding hearing, found her unable to provide proper care for the children, Pauline Y. and Corey Y., by reason of mental illness and committed the custody and guardianship of the children to the Angel Guardian Home.

Ordered that the orders are affirmed, without costs or disbursements.

Pauline Y. and her brother Corey Y. were placed with the Commissioner of Social Services in January 1985 when Pauline was almost two years old and only a few days after her brother Corey was born. In May 1988 the petitioner commenced the instant proceedings to terminate the parental rights of the mother on the ground that she was presently and, for the foreseeable future, would be unable to care for her two children due to mental illness. After a fact-finding hearing, the Family Court granted the petitions.

We agree with the Family Court that there was clear and convincing evidence to justify granting the petitions (see,

Social Services Law § 384-b [4] [c]; *Matter of Omar B.,* 175 AD2d 834; *Matter of Camille M.,* 143 AD2d 755). After examining the mother and reviewing numerous documents and reports related to the instant matter, the court-appointed psychiatrist gave uncontradicted testimony that the mother suffered from residual schizophrenia, severe personality disorders, and borderline normal intelligence. Her diagnosis of severe personality disorders was based in part on the fact that although the mother had been in treatment since 1985 and had attended two parenting skills programs, she still could not properly interact with her children. The doctor unequivocally stated that the mother could not adequately care for her children then or in the foreseeable future. Because the petition was granted on the ground of mental illness, the court was not required to hold a dispositional hearing *(see, Matter of Joyce T.,* 65 NY2d 39, 46; *Matter of Denise Emily K.,* 154 AD2d 596).

We have examined the mother's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Copertino and Santucci, JJ., concur.