THIRD DEPARTMENT, JULY, 1993

(July 1, 1993)

■ In the Matter of NATICIA Q., a Child Alleged to be Neglected. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GERALDINE Q., Appellant. [599 NYS2d 759] — Casey, J. Appeal from an order of the Family Court of Sullivan County (Kane, J.), entered July 15, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

The infant Naticia Q. was born in 1989 to respondent during her confinement at Middletown Psychiatric Center (hereinafter MPC) in Orange County. Respondent has been treated periodically at MPC since she was 14 years old. She has a long history of substance abuse with a preference for cocaine. Upon her admission, she complained of abdominal pain (she was pregnant with Naticia at the time) and she displayed irrational and delusional thinking. She became agitated, demanding that the body inside her be removed and insisting that it was "the wrong color". Prior to her transfer from Community General Hospital to MPC, she had bit a staff member and avulsed some flesh in the attempt. She responded to medication and, after counseling, respondent was discharged on January 17, 1990.

Respondent's history of repeated returns to inpatient treatment usually resulted from her failure to take the prescribed medication. This failure, plus her long history of substance abuse, precipitated irrational and delusional thinking, occasional auditory hallucination and violent behavior. When she was discharged to the care and custody of the Rehabilitative Support System (hereinafter RSS), which is an outpatient branch of MPC, respondent was given a vigorous outpatient treatment plan which prescribed daily medication and daily attendance at Liberty House, an outpatient mental health counseling facility in Sullivan County. However, after respondent exhibited assaultive behavior at RSS where she resided, respondent was readmitted to MPC in March 1990. While hospitalized, respondent again exhibited paranoid ideations and delusional thinking. She accused another patient of "putting bugs on her face" and the staff of "taking her breasts" and "making her ugly". She refused to take prescribed tests and medication. After six months she was discharged as "satisfactory" only. The discharge plan required daily medication and follow-up substance abuse service.

Respondent's treatment has spanned a period of 16 years. Her diagnoses range from paranoid schizophrenia to bipolar disorder with psychotic features. In sum, respondent's behavior stabilizes while she is hospitalized but deteriorates to delusional, paranoid and assaultive when she is outside the hospital on her own. Her problems have resulted in several neglect petitions, culminating in permanent neglect findings against her and the subsequent placement of her other three children in petitioner's care and custody. The neglect proceedings regarding the other children included proof of her striking the children and the failure to provide them with basic hygiene, care and feeding. Each child has a different father and none of the fathers has exhibited any interest in the children.

Respondent's main contention on this appeal from the order which adjudicated Naticia to be neglected is that there was no showing of any instances of abuse by her against Naticia and, therefore, the finding of neglect was not sufficiently supported by legal proof. The proof offered consisted solely of respondent's medical and psychiatric record. We disagree with respondent's claim and find the proof legally sufficient for the determination of neglect made by Family Court.

Family Court Act § 1012 (f) (i) (A) defines a "neglected child" as one who is less than 18 years of age whose physical, mental or emotional well-being has been impaired or is in imminent

danger of being impaired as the result of the failure of his or her parent to exercise a minimum degree of care. The child must be shown to have been harmed or threatened with harm before the child will be considered abused or neglected *(see, Matter of William EE.,* 157 AD2d 974, 976). However, proof of ongoing mental illness by clear and convincing evidence and the failure to follow through with after-care medication, resulting in a parent's inability to care for her child in the foreseeable future, is a sufficient basis for a finding of neglect *(see, Matter of Andre Jermaine R.,* 138 AD2d 380, 381). The possibility of improvement of a parent's condition is insufficient to offset proof of the parent's mental illness and refusal to follow prescribed treatment *(Matter of Vaketa Y.,* 141 AD2d 892, 893-894). The undisputed evidence showing respondent's inability to care for Naticia because of ongoing mental illness, resistance to treatment and only a possibility that respondent's present condition will improve is sufficient to justify Family Court's finding of neglect.

Weiss, P. J., Levine, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.