◼ In the Matter of ERICA M., a Child Alleged to be Neglected. PAUL A., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [615 NYS2d 152] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: The record does not support Family Court's determination that Erica was a neglected child within the meaning of Family Court Act § 1012 (f). Petitioner failed to establish, by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]), that the diagnosis of respondent as a manic-depressive or that his conduct on the day in question placed Erica's physical, mental or emotional condition in

"imminent danger of becoming impaired as a result of the failure of [respondent] * * * to exercise a minimum degree of care * * * in supplying the child with adequate food, clothing, shelter or education" (Family Ct Act § 1012 [f] [i] [A]). Moreover, although a report to the State Central Registry by a worker at respondent's methadone clinic stated that respondent was "deteriorating" and needed an "in-patient psych evaluation", petitioner wholly failed to prove the extent of respondent's mental problems (cf., Matter of Naticia Q., 195 AD2d 616; Matter of Baby Boy E., 187 AD2d 512), or that respondent's condition was any different from his condition three months earlier when the court granted respondent sole custody of Erica. The evidence disclosed that respondent had been faithfully taking Erica to the day care center five days every week, was a patient at a methadone clinic, and was a caring and loving father in spite of his handicaps.

Because the finding of neglect is reversed, it is unnecessary to reach the issue concerning the court's failure to conduct an adequate dispositional hearing. (Appeal from Order of Erie County Family Court, Dillon, J.—Neglect.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.