■ In the Matter of CATHOLIC GUARDIAN SOCIETY OF DIOCESE OF BROOKLYN, on Behalf of ORLANDO S. and Others, Respondent, v SONIA S., Appellant. [629 NYS2d 441] —In a proceeding pursuant to Social Services Law § 384-b, *inter alia,* to terminate the mother's parental rights to three of her children, the mother appeals from three orders of disposition (one for each child) of the Family Court, Kings County (Dabiri, J.), all entered February 23, 1993, which, after a fact-finding hearing, found her unable to provide proper care for the children by reason of mental illness and committed the custody and guardianship of each of the children to both the Catholic Guardian Society of Diocese of Brooklyn and the Commissioner of Social Services of the City of New York. The appeals from the orders of disposition bring up for review a fact-finding order of the same court, dated October 21, 1992, which held that the appellant was mentally ill for the foreseeable future as defined by Social Services Law § 384-b (6).

Ordered that the orders of disposition are affirmed, without costs or disbursements.

We agree with the Family Court that the presentment agency demonstrated by clear and convincing evidence that the mother was, by reason of mental illness, unable to provide proper and adequate care for her children at the time of the hearing, and would be unable to do so for the foreseeable future *(see,* Social Services Law § 384-b [4] [c]; *Matter of Hime Y.,* 52 NY2d 242). After interviewing the mother and reviewing the mother's medical records, which included a history of frequently-repeated hospitalizations for psychotic episodes within an eight-year period, both the court-appointed psychiatrist and the psychiatrist from the presentment agency testified that the mother suffers from chronic paranoid schizophrenia. Both psychiatrists also testified that it was unlikely that the mother would continue to regularly take her medication given her failure to take the medication in the past. Further, both psychiatrists testified that the mother refused to participate in psychotherapy. Finally, both psychiatrists unequivocally stated that the mother could not adequately care for her children then or in the foreseeable future. This testimony, together with that of an agency caseworker and the documentary evidence, was clearly sufficient to support the Family Court's findings *(see, Matter of Pauline Y.,* 193 AD2d 686; *Matter of Norma Jean H.,* 179 AD2d 759; *Matter of Sunja S.,* 175 AD2d 132). Copertino, J. P., Santucci, Altman and Krausman, JJ., concur.