◼ In the Matter of CHILDREN's AID SOCIETY, Respondent. DEBBIE B., Appellant. [655 NYS2d 440] —In a proceeding pursuant to Social Services Law § 384-b, *inter alia,* to terminate parental rights, the mother appeals, as limited by her brief, from so much of a dispositional order of the Family Court,

Kings County (Segal, J.), dated December 26, 1995, as, upon a fact-finding order of the same court also dated December 26, 1995, finding that the mother was mentally ill as defined by Social Services Law § 384, and would be so for the foreseeable future, and that by reason thereof she was unable to care for her child, terminated her parental rights, and committed the custody and guardianship of the child to the Children's Aid Society and the Commissioner of Social Services of the City of New York. The appeal from the dispositional order brings up for review the fact-finding order of the same court.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, there was clear and convincing evidence (see, Matter of Joyce T., 65 NY2d 39, 46) to support the Family Court's determination that she is presently and for the foreseeable future would be unable to provide proper and adequate care for her daughter by reason of mental illness (see, Social Services Law § 384-b [4] [c]; Matter of Brett J., 206 AD2d 595; Matter of Pauline Y., 193 AD2d 686; Matter of Sharon P. I., 153 AD2d 942; Matter of Donald B., 151 AD2d 477).

The Family Court did not improvidently exercise its discretion in terminating the mother's parental rights and committing the custody and guardianship of the child to the respondents without conducting a dispositional hearing (see, Matter of Joyce T., supra, at 46; Matter of Michelle H., 228 AD2d 440). O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.