■ In the Matter of DAEQUAN FF., a Child Alleged to be Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALEA GG., Appellant, et al., Respondent. [663 NYS2d 400] —Mikoll, J. P. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered March 15, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Daequan FF. a neglected child.

The issue before us is whether Family Court properly found respondent Alea GG. (hereinafter respondent) guilty of neglect as to her son Daequan, an infant born in 1995. The child was placed in petitioner's temporary custody pursuant to the emergency provision of Family Court Act § 1022. Thereafter a neglect proceeding followed and Family Court adjudicated the child to be neglected pursuant to Family Court Act article 10. Respondent appeared but did not testify in the proceeding.*

Family Court found that respondent had not completed the programming and counseling or the domestic violence class as

---

* The petition was also brought against the child's father who consented to the finding of neglect.

ordered by Family Court in February 1995 following a neglect proceeding regarding one of her other children. Based on respondent's involvement with violent male partners and her potential for alcohol and drug abuse, the court found an imminent risk to the child, Daequan. It also based its decision on respondent's neglect of her three other children. Family Court directed the child to remain under petitioner's supervision for one year.

Respondent contends that Family Court's reliance on its prior findings of neglect of respondent's three other children did not support the adjudication of neglect in the instant proceeding. We conclude that defendant's neglect of her three other children as added to the other findings made by the court establish neglect on her part by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]; *Matter of Naticia Q.*, 195 AD2d 616).

In the present case, testimony from the first neglect petition demonstrated an inability by respondent to supervise her other children, allowing toddlers to run outside unsupervised, in and out of the road and parking lots. Respondent at times failed to feed her children claiming lack of money while keeping herself supplied in cigarettes. Respondent failed to attend to these children's medical needs as well. The most recent finding of neglect preceded the instant matter by a few months. It involved the same finding and also proof of her boyfriend's physical discipline of the children.

We conclude that the record provided proximate circumstances of danger to Daequan requiring that the child be afforded the court's protection (*see*, *Matter of Cruz*, 121 AD2d 901, 903). Respondent failed to address the problems which led to the removal of her other children. We conclude that Family Court did not err in making a derivative finding of neglect in the instant case.

Respondent's contention that petitioner misused the emergency removal procedure available through Family Court Act § 1022 is not properly before us since respondent failed to appeal Family Court's decision granting the removal. In any event, Family Court properly denied respondent's motion to dismiss the petition for procedural violations.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

