■ In the Matter of JULIANA V. LIBIA E., Also Known as LIBIE V., Appellant; ST. CHRISTOPHER-OTTILIE et al., Respondents.

(Proceeding No. 1.) In the Matter of CAROLINA V. LIBIA E., Also Known as LIBIE V., Appellant; ST. CHRISTOPHER-OTTILIE et al., Respondents. (Proceeding No. 2.) [671 NYS2d 105] —In two related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights to her two children upon the ground that she is presently and for the foreseeable future unable by reason of mental illness to provide proper and adequate care for the children, the mother appeals from two orders of disposition of the Family Court, Queens County (Fitzmaurice, J.), both dated August 1, 1996, which, after a fact-finding hearing, found her unable to provide for her children, Juliana V. and Carolina V., by reason of mental illness, and committed the custody and guardianship of the children to the Commissioner of Social Services of the City of New York and St. Christopher-Ottilie.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Contrary to the appellant's contentions, we find that there was clear and convincing evidence to support the conclusion that she is, by reason of mental illness, presently and for the foreseeable future unable to provide proper and adequate care for her two children (*see*, Social Services Law § 384-b [4] [c]; *Matter of Hime Y.*, 52 NY2d 242). After interviewing the appellant and reviewing her records, including a report by another court-appointed psychiatrist that was admitted into evidence, Dr. Marcia Werhcol testified that the appellant suffers from paranoid undifferentiated schizophrenia. Dr. Werchol opined that because of the long-term nature of the illness, the severity of the symptoms that have manifested, the appellant's refusal of treatment and her lack of insight about her illness, the children, if returned to the appellant, would be at risk of being neglected in the present and in the foreseeable future. This evidence was clearly sufficient to support the Family Court's findings (*see, Matter of Catholic Guardian Socy. [Orlando S.] v Sonia S.*, 216 AD2d 386; *Matter of Pauline Y.*, 193 AD2d 686).

To the extent the appellant claims that the child-care agency failed to make "reasonable efforts" to help her overcome her mental illness, this claim is unpreserved for appellate review (*see, Matter of Mary Alice V.*, 222 AD2d 594; *Matter of Sharon P. I.*, 153 AD2d 942). In any event, unlike the case where parental rights are terminated due to permanent neglect (*Matter of Sheila G.*, 61 NY2d 368; *Matter of Shantelle W.*, 185 AD2d 935), no such efforts are required where the ground for termination is mental illness (*see, Matter of Belinda S.*, 189 AD2d 679; *Matter of Demetrius F.*, 176 AD2d 940, 941). Copertino, J. P., Santucci, Krausman and Florio, JJ., concur.