■ In the Matter of CHAKEEO B.-G., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DIANE B., Appellant, et al., Respondent. [708 NYS2d 544] —Order unanimously affirmed without costs. Memorandum: Family Court properly adjudicated respondent's newborn son to be a neglected child. Petitioner established by a preponderance of the evidence that the physical, mental or emotional condition of respondent's newborn son was in imminent danger of becoming impaired as a result of respondent's failure to exercise a minimum degree of care (*see,* Family Ct Act § 1012 [f] [i]; § 1046 [b] [i]). Petitioner established that the nurse practitioner who was caring for respondent's prematurely-born son advised respondent on multiple occasions of her obligation to satisfy various discharge criteria, including supervised feedings and a course in cardiopulmonary resuscitation, prior to the anticipated discharge date of December 1, 1998. Despite those repeated

reminders, respondent failed to complete the required training by that date and, indeed, failed to visit her son or otherwise contact the hospital from November 28 through December 1, 1998. When respondent appeared at the hospital on December 2, 1998, she was advised by a caseworker for Child Protective Services that she had the remainder of the day in which to complete her training. Respondent failed to do so, and petitioner filed the subject neglect petition the following day. The failure of respondent to contact the hospital in the days prior to the discharge date and to satisfy the required criteria for the release of her son, who was in need of special care, demonstrates a failure to exercise a minimum degree of care for her son (*see*, Family Ct Act § 1012 [f] [i]; *see generally*, *Matter of Camara R.*, 263 AD2d 710, 711-712). Respondent presented no evidence to counter petitioner's prima facie showing of neglect.

Contrary to the contention of respondent, the court did not err in considering her history of neglect concerning her other children in addition to the facts in the present case (*see*, *Matter of Daequan FF.*, 243 AD2d 922, 923). Furthermore, we reject her contention that her satisfaction of the required discharge criteria the day after the petition was filed precludes a finding of neglect (*see generally*, *Matter of Camara R.*, *supra*, at 712-713). We have considered respondent's remaining contentions and conclude that they are without merit. (Appeal from Order of Erie County Family Court, Rosa, J.—Neglect.) Present—Pigott, Jr., P. J., Green, Hayes and Hurlbutt, JJ.