■ In the Matter of JASON ANTHONY S. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; MARIAN V., Appellant. [717 NYS2d 197] —In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground that she is presently and for the foreseeable future unable by reason of mental illness to provide proper and adequate care for the children, the mother appeals from an order of the Family Court, Kings County (Greenbaum, J.), dated February 26, 1999, which, after a fact-finding hearing, found her unable to provide for the children by reason of mental illness, terminated her parental rights, and committed the guardianship and custody of the infant to the Commissioner of Social Services of the City of New York and Little Flower Children's Services.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the petitioner established by clear and convincing evidence that she was presently and for the foreseeable future unable by reason of her mental illness to provide proper and adequate care for the infant (*see,* Social Services Law § 384-b [4] [c]; *Matter of Juliana V.,* 249 AD2d 314). Contrary to the appellant's contention, the psychiatrist who testified at the hearing was the same psychiatrist who interviewed her before the hearing.

The appellant's claim that the respondent failed to use reasonable efforts to reunite the family is unpreserved for appellate review (*see, Matter of Juliana V., supra*), and, in any event, without merit. Unlike cases of parental termination due to permanent neglect (*see, Matter of Shantelle W.,* 185 AD2d 935; *Matter of Sheila G.,* 61 NY2d 368), reasonable efforts are not required where the ground for termination is mental illness

(*see, Matter of Belinda S.,* 189 AD2d 679; *Matter of Demetrius F.,* 176 AD2d 940; *see also, Matter of Juliana V., supra*). Santucci, J. P., Sullivan, Altman and Krausman, JJ., concur.