■ In the Matter of ERICA D. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DOROTHY D., Appellant. [742 NYS2d 112] —In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground that she is presently and for the foreseeable future unable by reason of mental illness to provide proper and adequate care for the subject child, the mother appeals from an order of fact finding and disposition of the Family Court, Nassau County (Diamond, J.), dated March 26, 1999, which, after a fact find-

ing hearing, found that she is unable to provide proper and adequate care for the child by reason of mental illness, terminated her parental rights, and transferred custody and guardianship of the child to the Nassau County Department of Social Services for purposes of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the mother's contentions, we find that there was clear and convincing evidence to support the conclusion that she is, by reason of mental illness, presently and for the foreseeable future unable to provide proper and adequate care for her daughter (see Social Services Law § 384-b [4] [c]; Matter of Pariis L., 286 AD2d 501, 502; Matter of Laura D., 270 AD2d 260, 261; Matter of Virginia Denise R., 249 AD2d 400; Matter of Donald B., 151 AD2d 477, 478). After interviewing the mother and reviewing the mother's hospital records, a court appointed psychiatrist testified that the mother suffers from paranoid schizophrenia. He opined that because of the long term nature of the illness, the severity of the symptoms that have manifested, and the mother's noncompliance with treatment, the child, if returned to the mother, would be at risk of being neglected in the present and in the foreseeable future. This evidence supported the Family Court's findings (see Matter of Pariis L., supra; Matter of Laura D., supra; Matter of Virginia Denise R.; Matter of Donald B., supra).

The Family Court providently exercised its discretion by not conducting a separate dispositional hearing (see Matter of Joyce T., 65 NY2d 39, 46). Florio, J.P., Smith, Krausman and Townes, JJ., concur.