■ In the Matter of JON C. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DOROTHY C., Appellant. (Proceeding No. 1.) In the Matter of JAMES C. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DOROTHY C., Appellant. (Proceeding No. 2.) [759 NYS2d 756] —In two related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground that she is presently and for the foreseeable future unable by reason of mental illness to provide proper and adequate care for the subject children, the mother appeals from two orders of disposition (one as to each child) of the Family Court, Nassau County (Balkin, J.), both dated February 2, 2001, which, after a joint fact-finding hearing, terminated her parental rights and transferred custody and guardianship of the children to the petitioner for purposes of adoption.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

The petitioner established by clear and convincing evidence that the mother, who was diagnosed with paranoid schizophrenia, is unable, by reason of her mental illness, to properly and adequately care for the subject children at present or in the foreseeable future (*see* Social Services Law § 384-b [4] [c]). The court-appointed psychiatrist testified, without contradiction, that even if the mother took her medication, there was a serious possibility that the stress of raising the children could cause her to become actively psychotic, which would place the welfare of the children in danger (*see Matter of Christine K.,* 255 AD2d 513, 514 [1998]; *Matter of Denise Emily K.,* 154 AD2d 596 [1989]).

The mother's contention that the petitioner was required to

make diligent efforts to encourage and strengthen her relationship with the subject children is unpreserved for appellate review (*see Matter of Jason Anthony S.*, 277 AD2d 389 [2000]). In any event, her contention is without merit. Unlike cases involving termination of parental rights on the ground of permanent neglect, diligent efforts to reunite the family are not required where, as here, the ground for termination is mental illness (*see Matter of Jason Anthony S., supra*; *Matter of Demetrius F.*, 176 AD2d 940, 941 [1991]).

The mother's remaining contentions are unpreserved for appellate review (*see Matter of Stegman v Jackson*, 233 AD2d 597, 598 [1996]; *see also Matter of Dedrick M.*, 89 AD2d 781, 782 [1982]), and, in any event, are without merit (*see Matter of Nereida S.*, 57 NY2d 636, 640 [1982]; *see also Matter of La'Asia S.*, 191 Misc 2d 28 [2002]; *Matter of Chance Jahmel B.*, 187 Misc 2d 626 [2001]). Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur.