■ In the Matter of WINSTON LLOYD D. CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent; MOYA K., Also Known as MOYA D., Appellant. In the Matter of DANISHA AMOY C. CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent; MOYA K., Also Known as MOYA D., Appellant. In the Matter of COLTON RICHARD D. CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent; MOYA K., Also Known as MOYA D., Appellant. [777 NYS2d 175]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of mental illness, the mother appeals from an order of the Family Court, Kings County (Lim, J.), dated October 8, 2002, which, after a fact-finding hearing, terminated her parental rights with respect to the three children and transferred custody and

guardianship of the children to the Catholic Home Bureau for Dependent Children and the Administration for Children's Services for the purpose of adoption.

Ordered that the appeal from so much of the order as pertains to the child Winston Lloyd D. is dismissed as academic, without costs or disbursements, since he reached the age of majority (see Matter of Francisco Anthony C. F., Jr., 305 AD2d 410 [2003]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The petitioner agency established by clear and convincing evidence that the mother, presently and for the foreseeable future, will be unable to provide proper and adequate care for her children by reason of mental illness (see Social Services Law § 384-b [3] [g]; [4] [c]; [6] [a]). The court-appointed psychiatrist interviewed the mother twice and reviewed the medical records pertaining to her out-patient treatment at Brooklyn Psychiatric Centers, her hospitalization at Bronx Lebanon Hospital, and from the petitioner's doctors. Based on the interviews and medical records, the psychiatrist testified that the mother suffers from paranoid schizophrenia. The psychiatrist opined that due to the chronic nature of the illness, the mother's symptoms, and her lack of insight about her illness, the children, if returned to the mother, would be at risk of being neglected in the present and foreseeable future. This evidence supported the Family Court's determination (see Matter of Ernesto Thomas A., 5 AD3d 380 [2004]; Matter of Jon C., 305 AD2d 592 [2003]; Matter of Pariis L., 286 AD2d 501 [2001]).

Because the petition was granted on the ground of mental illness, the Family Court was not required to hold a dispositional hearing (see Matter of Joyce T., 65 NY2d 39, 46 [1985]; Matter of Pauline Y., 193 AD2d 686, 687 [1993]).

The mother's remaining contention is without merit. Altman, J.P., Goldstein, Adams and Crane, JJ., concur.