■ In the Matter of MALIK J. ST. CHRISTOPHER-OTTILIE, Respondent; DONNA F., Appellant. (Proceeding No. 1.) In the Matter of "FEMALE" G. ST. CHRISTOPHER-OTTILIE, Respondent; DONNA F., Appellant. (Proceeding No. 2.) [787 NYS2d 117]—In two related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights to two of her children, the mother appeals from two orders of disposition (one as to each child) of the Family Court, Queens County (Hunt, J.), both dated April 22, 2003, which, upon a fact-finding order of the same court dated March 10, 2003, made after a hearing, finding that the mother was unable to care for the children by reason of mental illness, terminated her parental rights and committed the children to the joint custody and guardianship of the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The appeal brings up for review the fact-finding order dated March 10, 2003.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

The Family Court's determination that the mother is now and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the two subject children (*see* Social Services Law § 384-b [4] [c]; [6] [a]) was supported by clear and convincing evidence. The evidence at the hearing included, inter alia, the testimony of a court-appointed psychiatrist and mental health treatment records documenting the mother's extensive history of mental illness (*see Matter of Michelle H.*, 228 AD2d 440 [1996]; *Matter of Denise Emily K.*, 154 AD2d 596 [1989]; *Matter of Sean S.S.*, 143 AD2d 836 [1988]). Accordingly, the Family Court properly granted the petitions seeking termination of the mother's parental rights (*see Matter of Winston Lloyd D.*, 7 AD3d 706 [2004]; *Matter of Virginia Denise R.*, 249 AD2d 400 [1998]; *Matter of Juliana V.*, 249 AD2d 314 [1998]).

The Family Court providently exercised its discretion in denying the mother's application for an adjournment of the fact-finding hearing (*see Matter of Anthony M.*, 63 NY2d 270, 283-284 [1984]; *Matter of Alexa Ray R.*, 276 AD2d 703 [2000]; *Matter of Atiba Andrew B.*, 275 AD2d 320 [2000]). Ritter, J.P., S. Miller, Goldstein and Fisher, JJ., concur.