■ In the Matter of ANTONIO I. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; KATHLEEN I., Respondent. [809 NYS2d 168]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of mental illness, Suffolk County Department of Social Services appeals from an order of the Family Court, Suffolk County (Lehman, J.), entered November 30, 2004, which, after a fact-finding hearing, dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for the entry of an order of disposition terminating the mother's parental rights and transferring the guardianship and custody of the subject child to Suffolk County Department of Social Services for the purpose of adoption.

Contrary to the determination of the Family Court, the proof offered by the Suffolk County Department of Social Services (hereinafter DSS) showed by clear and convincing evidence that, due to mental illness, the mother was unable, presently and for the foreseeable future, to provide adequate care for the subject child, who has been in the custody of DSS since June 6, 2002 (*see* Social Services Law § 384-b [4] [c]).

At the hearing on the petition, the court-appointed psychologist testified, inter alia, that based on her personal observations of the mother, together with her review of the records presented to her, the mother "suffers from intermittent mental illness, affecting both mood and cognitive function that rule the impairment of judgment that would lead [one] to predict that if the child were returned to her care, that the child would be at risk for becoming neglected or injured." The records the court-appointed psychologist relied on included copies of the mother's DSS file as well as prior hospitalization records.

The community services worker who supervised the mother's visits with the subject child testified that the mother exhibited "unusual behavior" during her visits with the child. This included inspecting the child's anus on every visit, constantly clipping his fingernails, and on one occasion even eating the clippings. This was sufficient to meet the statutory requirement (*see* Social Services Law § 384-b [4] [c]). The petitioner's proof,

consisting solely of her testimony that she had completed the programs required by DSS and was seeing a psychiatrist weekly, was insufficient to overcome the DSS's showing (*see Matter of Teneshia F.*, 21 AD3d 492 [2005]; *Matter of Malik J.*, 13 AD3d 628 [2004]; *Matter of Winston Lloyd D.*, 7 AD3d 706 [2004]; *Matter of Michelle H.*, 228 AD2d 440 [1996]; *cf. Matter of Lina Catalina R.*, 21 AD3d 563 [2005]).

While no dispositional hearing is required since we are granting the petition on the ground of mental illness (*see Matter of Winston Lloyd D.*, *supra*), we note that one was held in this matter (*see Matter of Antonio I.*, 26 AD3d 331 [2006] [decided herewith]). Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.