■ In the Matter of MICHAEL T.M., a Child Alleged to be Permanently Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; STEVEN M. et al., Appellants. (Proceeding No. 1.) In the Matter of MARK A.M., a Child Alleged to be Permanently Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; STEVEN M. et al., Appellants. (Proceeding No. 2.) In the Matter of MICHELLE E., a Child Alleged to be Permanently Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; STEVEN M. et al., Appellants. (Proceeding No. 3.) In the Matter of CHRISTOPHER J.P.; a Child Alleged to be Permanently Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; STEVEN M. et al., Appellants. (Proceeding No. 4.) In the Matter of JOHN W.P., a Child Alleged to be Permanently Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; STEVEN M. et al.,

Appellants. (Proceeding No. 5.) [902 NYS2d 179]—In five related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother and father separately appeal (1) from an order of fact-finding and disposition of the Family Court, Richmond County (McElrath, J.), dated November 18, 2008, which, after fact-finding and dispositional hearings, found that the mother permanently neglected the child Christopher J.P., terminated her parental rights, and freed that child for adoption, and (2), as limited by their respective briefs, from so much of four orders of fact-finding and disposition (one as to each of the children Michael T.M., Mark A.M., Michelle E., and John W.P.) of the same court, each dated November 18, 2008, as, after fact-finding and dispositional hearings, found that they permanently neglected each of those children, terminated their parental rights, and freed those children for adoption.

Ordered that the appeals from the order of fact-finding and disposition pertaining to the child Michelle E. are dismissed as academic, without costs or disbursements, on the ground that she has reached the age of 18 (*see Matter of Gordon Lee R.*, 49 AD3d 882, 882-883 [2008]; *Matter of Winston Lloyd D.*, 7 AD3d 706, 707 [2004]; *Matter of Francisco Anthony C.F.*, 305 AD2d 410, 411 [2003]); and it is further,

Ordered that the father's appeal from the order of fact-finding and disposition pertaining to the child Christopher J.P. is dismissed, without costs or disbursements, on the ground that he is not aggrieved by that order (*see* CPLR 5511); and it is further,

Ordered that the order of fact-finding and disposition pertaining to the child Christopher J.P. is affirmed insofar as appealed from by the mother, without costs or disbursements; and it is further,

Ordered that the orders of fact-finding and disposition pertaining to the children John W.P., Michael T.M., and Mark A.M. are affirmed, without costs or disbursements.

The evidence adduced at the fact-finding hearing established by clear and convincing evidence that for a period of one year following the placement of the subject children with an authorized agency, the mother and the father failed to plan for the future of their children, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 143 [1984]).

The appellants' remaining contentions are without merit or

need not be addressed in light of our determination. Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.