OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted for a new hearing for the reasons stated and in accordance with the dissenting opinion of Mr. Justice Arnold L. Fein at the Appellate Division.
Under former section 384 (subd 7, par [a]) of the Social Services Law, the constitutionality of which has not been challenged here, before a court severs parental ties in a proceeding of this sort the parent must have been found to be "presently and for the foreseeable future unable to provide proper and adequate care, by reason of mental illness”. Section 384 (subd 7, par [d]) requires that the finding of mental illness be made "only upon clear and convincing proof’. There must be strict adherence to that statutory mandate. In this proceeding the agency did not meet its burden.
The record of the hearing presents a sharp conflict in the opinions expressed by the psychiatrists as to the present condition and future capacity of the mother to care for and assume custody over her child. Although the matter of credibility is clearly one for the trial court, we agree with the dissenters at the Appellate Division that the doctor testifying on behalf of the agency was equivocal as to the natural mother’s inability to provide adequate care "for the foreseeable future”. In addition the doctor had last examined the mother 10 months prior to the hearing and could not render with assurance any positive opinion as to her present condition. Under these circumstances a new hearing should be held after a current psychiatric examination is directed by the Family Court.
CPLR 1201 provides, in part, that a person shall appear by guardian ad litem "if he is an adult incapable of adequately prosecuting or defending his rights”. Although we cannot say in this case that the appointment of a guardian to represent the interests of the mother was mandated by statute, the magnitude of the rights at stake, as well as the allegations of mental illness, indicate that the court on the rehearing of this matter should seriously consider whether the mother’s inter *791 ests can be adequately protected except by the appointment of a guardian.
We also agree with the dissenters that the exclusion of the mother from the courtroom during the testimony of the court-appointed psychiatrist was error. There is nothing in the record to indicate that there was a compelling necessity for her exclusion nor is there an indication of a knowing and intelligent waiver by her of her right to be present during the crucial testimony upon which the court relied to terminate her rights.
Judges Jones, Wachtler, Fuchsberg and Meyer concur. Chief Judge Cooke and Judges Jasen and Gabrielli dissent and vote to affirm for reasons stated in the memorandum of the Appellate Division (66 AD2d 728).
Order reversed, with costs, and the motion remitted to the Family Court, New York County, for a new hearing in a memorandum.