■ JOSEPHINE KLEIMAN, Respondent, v LOUIS KLEIMAN, Appellant. — Judgment, Supreme Court, New York County, entered July 3, 1980, which, *inter alia,* granted plaintiff-respondent permanent alimony of $50 per week and counsel fees of $2,000, unanimously modified, on the law and the facts, to strike the award of counsel fees, and otherwise affirmed, without costs. The parties were married on April 27, 1974 and plaintiff wife brought an action for judicial separation on April 25, 1978, based on abandonment and for alimony and counsel fees. Plaintiff is an independently employed paralegal and translator. She alleged earnings of $11,416 in 1977, $10,680 in 1978 and $6,484 in 1979, has savings of over $15,000 and exclusive occupancy of the former marital co-operative apartment. Defendant is an attorney who stipulated to pay any alimony the court would award, rather than disclose his finances. The trial court did not abuse its discretion in making its alimony award. However, in these circumstances, the award of an additional counsel fee was unwarranted. The plaintiff paid her attorney a retainer of $2,500. The trial lasted one-half day, and in addition there was no indication as to her inability to pay or as to the nature and extent of counsel's services. Concur — Kupferman, J.P., Sullivan, Carro, Silverman and Lynch, JJ.

■ In the Matter of VERA T. LOUISE WISE·SERVICES, Appellant; CHERIE T., Respondent. — Order, Family Court, New York County, entered October 31, 1979, which dismissed the petition to terminate the parental rights of the respondent mother on the ground of mental illness, unanimously reversed, on the law and the facts, without costs, and the petition granted. The child was born in July, 1975 and has been in and out of foster care since she was two months old. The father is unknown, and the mother has a long history of disturbed behavior, both before and after the birth of the child. It is clear that whenever the child was in the mother's care the child was mistreated and uncared for. The mother has been repeatedly hospitalized, diagnosed as a schizophrenic, and when released from hospitalization has on many occasions refused aftercare. The Family Court found that the respondent mother was presently unable to care for the child, but that there might be a possibility that the mother could care for the child at some time in the future. The mandate of section 384-b (subd 4, par [c]) of the Social Services Law is not to be so cavalierly dismissed. This matter has gone on far too long. (See *Matter of Stokes,* 77 AD2d 492.) That a psychiatrist who found the mother mentally ill indicated that it was possible that some time in the future she might recover if she took her medicine and if nothing untoward occurred is no basis for ignoring the needs of the child. There must be an affirmative conclusion that it is possible that the parent will not only be free of mental illness but also will "provide proper and adequate care" for the child. *(Matter of Hime Y.,* 73 AD2d 154.) Whatever may be possible in the unforeseeable future, we find that at the time of trial the mother was then, and for the *foreseeable* future, unable by reason of her mental illness, to provide proper and adequate care for the child. Under the circumstances and on this record, the determination of the Family Court is inexplicable and must be reversed. Concur — Kupferman, J.P., Sullivan, Carro, Silverman and Lynch, JJ.