■ In the Matter of VAKETA Y. and Others, Alleged to be Neglected Children. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GERALDINE Y., Appellant.—Levine, J. Appeal from an order of the Family Court of Sullivan County (Kane, J.), entered July 8, 1986, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Belanzo Y. a permanently neglected child, and terminated respondent's parental rights to her three children.

Respondent is the mother of three children; Vaketa, born July 10, 1977, Lotdesa, born July 15, 1981, and Belanzo, born January 10, 1983. The father of these children is unknown.

On April 29, 1983, the children were removed from respondent's care by a temporary order of Family Court and placed in the custody of petitioner. Thereafter, petitioner filed two petitions in Family Court; one alleged that all three children were neglected, and the second alleged that Vaketa and Lotdesa were abused children. Family Court ordered that the children remain in petitioner's custody and that respondent undergo a psychiatric evaluation by Sullivan County Mental Health Services. Except for a brief period of several months when Vaketa and Lotdesa were placed with their maternal grandmother, the children remained in petitioner's custody thereafter. Belanzo was born in January 1983 with severe birth defects and remained hospitalized until May 1983. Upon his release from the hospital, Belanzo was placed directly in foster care by petitioner.

By a petition dated January 31, 1985, petitioner sought to have Belanzo adjudicated a permanently neglected child and to terminate respondent's parental rights (see, Social Services Law § 384-b [4] [d]; [7] [a]). On June 3, 1985, petitioner filed a petition to terminate respondent's parental rights to Vaketa and Lotdesa on the ground that respondent is permanently and for the foreseeable future unable, by reason of mental illness, to adequately care for them (see, Social Services Law § 384-b [4] [c]). A fact-finding hearing concerning both petitions was held in October 1985.

At the hearing, respondent's records from Middletown Psychiatric Hospital were admitted into evidence. These records indicated that, from 1983 to 1985, respondent was an inpatient on three separate occasions and had been diagnosed as suffering from a schizoaffective disorder. The records further indicated that the last two admissions were precipitated by respondent assaulting her boyfriend with a knife. In addition,

upon one admission, respondent stated that her boyfriend was the devil, that he controlled her mind, and that she communicated with people over the television and radio. Upon her last admission, respondent described herself as "God's daughter" and, regarding the attack on her boyfriend, she stated, "We were just playing." The records also contained statements by respondent's mother that she was fearful of her daughter and that respondent would sometimes walk around the house carrying large kitchen knives. According to the hospital records, respondent seemed to improve while she was an inpatient, but upon being released, she refused to take her medication and participate in the prescribed aftercare treatment.

Petitioner also adduced the testimony of Dr. Paul Chellappa, a psychiatrist, who examined respondent prior to the hearing. Chellappa testified that respondent's condition could possibly improve if she was willing to undergo regular treatment, consisting of clinical counseling and medication. The doctor further testified that without this treatment, respondent would be a danger to her children. Respondent offered no evidence at the hearing.

At the conclusion of the fact-finding hearing, Family Court found Belanzo to be a permanently neglected child and, as to all three children, the court found that respondent is presently and for the foreseeable future unable, by reason of mental illness, to provide adequate care for them. Family Court further ordered respondent to follow her prescribed aftercare plan as a final opportunity for respondent to demonstrate her willingness to participate in regular mental health treatment.

Six months later, at the dispositional hearing, Family Court found that respondent had failed to pursue a regular course of treatment and that her mental health was essentially unchanged. Family Court granted an order terminating respondent's parental rights to the three children. This appeal ensued.

Respondent's first contention on appeal is that the psychiatric testimony of Chellappa was insufficient to prove respondent's future inability to care for her children due to her mental illness. We disagree. The psychiatric testimony, combined with the hospital records, provided ample support for Family Court's findings as to respondent's future condition. The mere possibility that respondent's condition, with proper treatment, could improve in the future is insufficient to vitiate Family Court's conclusion (see, Matter of Vera T., 80 AD2d

511, *affd* 55 NY2d 1028). This is especially true where, as here, the parent has consistently refused to continue her treatment and medication as an outpatient.

Equally unavailing is respondent's contention that Family Court erred in finding Belanzo to be a permanently neglected child because of the claimed failure of proof that petitioner made diligent efforts to strengthen and encourage the parental relationship. Social Services Law § 384-b (7) (a) requires the agency to make such diligent efforts only "when [the] efforts will not be detrimental to the best interests of the child" *(see, Matter of Sheila G.,* 61 NY2d 368, 389). There was evidence at the hearing that Belanzo was born blind, with no palette or nose and severe respiratory problems. It was unknown whether he was also deaf and/or mentally retarded. A caseworker testified that during the months Belanzo was hospitalized immediately following his birth, petitioner urged respondent to visit her son and to learn how to care for him. Respondent was assured free transportation and room and board for these visits. According to the caseworker, however, respondent visited her son only once. In our view, the record fully supports Family Court's finding that petitioner made diligent efforts to strengthen the parental relationship until it became apparent that this was not in the child's best interest because respondent's chronic mental illness made it highly unlikely that she could provide Belanzo with the care he required. Hence, Family Court could properly find that Belanzo was a permanently neglected child.

Order affirmed, without costs. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.