■ In the Matter of DEMETRIUS F. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; ANNA B., Appellant. (Proceeding No. 1.) In the Matter of DANIELLE KAWAN CIMARRONE B. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; ANNA B., Appellant. (Proceeding No. 2.) In the Matter of VANDORA ANDREW B., JR. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; ANNA B., Appellant. (Proceeding No. 3.)— In three proceedings pursuant to Social Services Law § 384-b (4) to terminate the natural mother's parental rights on the basis of her mental incapacity to care for her children, the mother appeals from three orders of disposition (one order for each child) of the Family Court, Queens County (Clark, J.), all dated April 17, 1990, which terminated her parental rights and committed the guardianship and custody of the three children to the petitioner. The appeals bring up for review a fact-finding determination of the same court, dated March 28, 1990, which, after a hearing, found that the mother is suffering from a mental illness which renders her unable to care for her children.

Ordered that the orders are affirmed, without costs or disbursements.

Under the applicable standard as expressed by the Court of Appeals in *Matter of Hime Y.* (52 NY2d 242), we conclude that the evidence presented at the fact-finding hearing was sufficient as a matter of law to find that the mother was then, and for the *foreseeable* future, would be unable by reason of her mental illness, to provide proper and adequate care for her children (see, Matter of Vera T., 80 AD2d 511, affd 55 NY2d 1028; see also, Matter of Keon Lee M., 120 AD2d 731; Matter of Ann Marie D., 127 AD2d 764).

Here, the court-appointed psychiatrist testified unequivocally that the mother suffers from chronic depression with impaired judgment which would occur with sufficient frequency to endanger the welfare of the children. That the report of another psychiatrist did not recommend termination of the mother's parental rights is insufficient to defeat the finding by clear and convincing evidence, since this second psychiatrist did not testify at the hearing, and no evidence was offered as to the length of his examination of the appellant, or the criteria he used in coming to his conclusions.

Furthermore, that the court-appointed psychiatrist stated that the mother *might* improve in the future if she were to take medication and/or other therapy, is insufficient to defeat the finding, since the psychiatrist saw very little chance of such improvement in the "foreseeable future" *(Matter of Vaketa Y.,* 141 AD2d 892; *Matter of Vera T., supra).*

The appellant also contends that the child-care agency failed to plead and prove that it made diligent efforts to encourage and strengthen the parental relationship or show that such efforts would have been detrimental to the child. However, unlike the case where parental rights are terminated due to permanent neglect *(Matter of Sheila G.,* 61 NY2d 368), no such showing is required when the ground for termination is mental illness *(see, Matter of Everett S.,* 62 AD2d 1069, 1070; *Matter of Rosemary ZZ.,* 154 AD2d 734; *Matter of Karen Y.,* 156 AD2d 823).

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.