■ In the Matter of SHEILA S. ANGEL GUARDIAN HOME, Respondent; SHIRLEY S., Appellant.—In a proceeding pursuant to Social Services Law § 384-b (4) to terminate the natural mother's parental rights on the basis of her mental incapacity to care for her child, the mother appeals from an order of disposition of the Family Court, Queens County (Schindler, J.), dated September 5, 1989, which terminated her parental rights and committed the guardianship and custody of the child to the Angel Guardian Home and the Commissioner of Social Services of the City of New York. The appeal brings up for review a fact-finding order of the same court, dated June 28, 1989, which, after a hearing, found that the mother was suffering from a mental illness which rendered her unable to care for her child.

Ordered that the dispositional order is affirmed, without costs or disbursements.

The evidence presented at the fact-finding hearing was sufficient as a matter of law, under the standard expressed by the Court of Appeals in the *Matter of Hime Y.* (52 NY2d 242), to find the mother was then and for the foreseeable future would be unable by reason of her mental illness to provide proper and adequate care for her child *(see, Matter of Vera T.,* 80 AD2d 511, *affd* 55 NY2d 1028; *Matter of Ann Marie D.,* 127 AD2d 764; *Matter of Demetrius F.,* 176 AD2d 940).

The court-appointed psychiatrist testified unequivocally that the mother suffers from a "chronic schizo-affective disorder" which would endanger the welfare of the child. The testimony of the mother's treating psychiatrist, called by her to testify, in no way contradicted the testimony of the court-appointed psychiatrist. Furthermore, the fact that the mother's treating psychiatrist testified that the mother *might* improve in the future, if she were to take her medication and continue with therapy, is insufficient to defeat the Family Court's finding, especially in light of the fact that the mother has a history of neglecting such treatment, and the court-appointed psychiatrist found her prognosis to be poor *(see, Matter of Vaketa Y.,* 141 AD2d 892; *Matter of Vera T., supra; Matter of Demetrius F., supra).* Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.