■ In the Matter of CHRISTINA C. and Another. JOANN C., Appellant; COMMISSIONER OF NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—In two related proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the mother in her children Christina and John, on the ground that the mother had permanently neglected the children as a result of mental illness, the mother appeals from two orders of disposition of the Family Court, Nassau County (Feiden, J.) (one as to each child), both entered February 20, 1990, which, after a hearing, terminated the parental rights of the mother with respect to the children, and committed their custody and guardianship to the Nassau County Department of Social Services for purposes of adoption.

Ordered that the orders are reversed, on the law, without costs or disbursements, and the petitions are dismissed.

In order to terminate parental rights on the ground of mental illness, it was incumbent upon the Department of Social Services (hereinafter the DSS) to demonstrate by clear

and convincing proof (Social Services Law § 384-b [3] [g]) that the mother was presently, and will be for the foreseeable future, unable by reason of her mental illness to provide proper and adequate care for her children (Social Services Law § 384-b [4] [c]). There must be strict adherence to that statutory mandate (see, Matter of Daniel Aaron D., 49 NY2d 788). We disagree with the Family Court's determination that the DSS has met its burden in the present case, and, therefore, we reverse.

At the fact-finding hearing, the court-appointed psychiatrist, Dr. Allen Reichman, testified that he had diagnosed the mother as being afflicted with chronic undifferentiated schizophrenia, which, among other things, manifested itself in the form of visual and auditory hallucinations. Dr. Reichman stated that he did not believe that the mother could presently care for her children, and expressed his prognosis for the mother's future as "very guarded". However, Dr. Reichman was unable to express with a degree of medical certainty whether the mother's condition could improve to such an extent as to enable her to care for the children in the foreseeable future.

On the other hand, the mother presented the testimony of Dr. Arthur Dubow, the mother's treating psychiatrist, and Ms. Gillian West, a psychologist who was conducting both individual and group psychotherapy with the mother. Dr. Dubow testified that the mother's condition was a combination of several diagnoses, the primary being "major depression with psychotic features". Dr. Dubow rejected a diagnosis of schizophrenia. Both Dr. Dubow and Ms. West portrayed the respondent as a motivated and improving patient, and offered a time frame of one to two years within which the mother, with proper support efforts from her family and the petitioner agency, would likely be improved enough to be able to reassume care of her children. Thus, on the record before us, we cannot conclude that the DSS has established by clear and convincing proof the mother's inability to care for her children in the foreseeable future (see, Matter of Hime Y., 52 NY2d 242).

We note that the Family Court erred at the fact-finding hearing by permitting the DSS to introduce into evidence its entire case file as a business record, in the absence of advance notice to the mother or an adequate opportunity to examine its contents (see, Matter of Leon RR, 48 NY2d 117; Matter of Florence X., 75 AD2d 942). This procedure contravened "fundamental fairness" in the conduct of the proceeding and, in

and of itself, would have warranted reversal *(see, Matter of Leon RR, supra)*. Moreover, the court compounded this error by allowing a DSS caseworker to refer to materials contained therein in the course of delivering hearsay testimony damaging to the mother. Thompson, J. P., Miller, Pizzuto and Santucci, JJ., concur.