■ In the Matter of ANGEL GUARDIAN HOME, on Behalf of NATASHA C., Respondent, v NEREIDA C., Appellant. [606 NYS2d 35] —In a proceeding pursuant to Social Services Law § 384-b, *inter alia,* to terminate the parental rights of the natural mother on the basis of her mental incapacity to care for her child, the mother appeals from an order of the Family Court, Kings County (Greenbaum, J.), dated June 4, 1992, which, after a hearing, terminated her parental rights and committed the guardianship and custody of the child to the Angel Guardian Home pending adoption by foster parents.

Ordered that the order is affirmed, without costs or disbursements.

We agree with the Family Court that the agency demonstrated by clear and convincing proof that the mother is presently, and will be for the foreseeable future, unable by reason of her mental illness to provide proper and adequate care for her child *(see,* Social Services Law § 384-b [4] [c]; *Matter of Hime Y.,* 52 NY2d 242). Both the court-appointed psychiatrist and the psychiatrist from the institute where the natural mother is presently seeking therapy testified that she suffers from a personality disorder with paranoid traits, and that she has interpersonal difficulties and problems with controlling her anger. The child's psychologist testified that the child suffers from an "attention deficit disorder" and that she requires a structured environment with a high degree of supervision. The opinion of the mother's therapist that the mother "might" be able to care for her child in the foreseeable future is insufficient to vitiate the Family Court's finding, in light of the mother's history of abuse and neglect, her history of lack of motivation to seek consistent therapy, and the evidence that her mental illness has rendered her incapable of performing normal parental activities *(see, Matter of Vera T.,* 80 AD2d 511, *affd* 55 NY2d 1028; *Matter of Sheila S.,* 180 AD2d 687; *Matter of Norma Jean H.,* 179 AD2d 759).

Furthermore, in view of the finding of mental illness, the Family Court did not improvidently exercise its discretion when it committed the custody and guardianship of the child to the agency without having conducted a dispositional hearing *(see, Matter of Joyce T.,* 65 NY2d 39, 46; *Matter of Pauline Y.,* 193 AD2d 686; *Matter of Sharon P. I.,* 153 AD2d 942). In any event, the record was sufficiently developed to support the determination that the best interests of the child were served by freeing her for the permanence and stability of adoption *(see,* Social Services Law § 384-b [1] [a] [i], [iv]). Bracken, J. P., Sullivan, Miller and Lawrence, JJ., concur.