■ In the Matter of BRETT J. and Another, Alleged to be the Children of a Mentally Ill Parent. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH J., Appellant. [613 NYS2d 1007] —Crew III, J. Appeal from an order of the Family Court of Columbia County (Leaman, J.), entered September 1, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be children of a mentally ill parent, and terminated respondent's parental rights.

Respondent gave birth to twin boys in July 1989. Shortly thereafter, an order directing the temporary removal of the children was entered and subsequent extensions of placement

were granted.[1] In September 1990, petitioner commenced the instant proceeding pursuant to Social Services Law § 384-b seeking to terminate respondent's parental rights on the ground that respondent was then, and for the foreseeable future would be, unable to care for her children due to her mental illness.[2] Respondent subsequently was directed to undergo a psychiatric examination at Capital District Psychiatric Center in Albany County, where she had been an inpatient since March 1992. At the conclusion of the fact-finding hearing that followed, Family Court granted the petition and transferred custody of respondent's children to petitioner. This appeal by respondent followed.

We affirm. "In order to terminate parental rights on the ground of mental illness, the petitioning agency must demonstrate by clear and convincing evidence that the respondent is presently, and for the foreseeable future will be, unable to provide proper and adequate care for his or her child[ren] by reason of the respondent's mental illness" (*Matter of Donald LL. [Judy MM.]*, 188 AD2d 899, 900-901; *see,* Social Services Law § 384-b [4] [c]; *Matter of Demetrius F. [Anna B.]*, 176 AD2d 940). Here, Walter Friedman, the psychiatrist who performed the court-ordered evaluation of respondent, plainly and unequivocally testified that respondent suffered from schizophrenia, paranoid type, chronic, and that respondent's "disordered thinking" and "illogical conclusions in assessing ordinary reality would grossly interfere with [her ability to raise] a child". Friedman further opined that respondent was then, and for the foreseeable future would be, unable to care for her children due to her mental illness. Indeed, Friedman testified that due to respondent's noncompliance with the recommendations made for her treatment, it was "extremely unlikely" that respondent would be able to adequately care for and parent her children for the foreseeable future, a period of time viewed by Friedman as the next 10 years.

In this regard, we note that Daniel De Sole, the psychiatrist who evaluated respondent at her request, did not dispute Friedman's findings and conclusions, except to state that it was conceivable that respondent's condition could improve if she was put on a particular type of medication. Friedman,

---

1. Petitioner also filed a neglect petition against respondent, but the matter was never tried and, ultimately, the petition was withdrawn without prejudice.

2. Petitioner filed a similar petition against the man believed to be the children's father but later withdrew the petition because paternity had not been established.

however, testified that respondent was not a good candidate for this particular type of medication and, in any event, "[t]he mere possibility that respondent's condition * * * could improve in the future is insufficient to vitiate Family Court's conclusion" *(Matter of Vaketa Y. [Geraldine Y.],* 141 AD2d 892, 893; *see, Matter of Demetrius F. [Anna B.],* 176 AD2d 940, 941, *supra),* particularly where, as here, the likelihood of success is relatively remote. Respondent's remaining arguments, including her assertion that she was denied meaningful representation, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.