■ In the Matter of MICHELLE H. ST. MARY'S CHILDREN AND FAMILY SERVICES et al., Respondents; ANNA H., Appellant. [643 NYS2d 646]

Contrary to the mother's contention, the summons and petition to terminate her parental rights provided her with clear notice that the proceeding "may result in an order freeing the child for adoption without the consent of or notice to the parents" (Social Services Law § 384-b [3] [e]) and advised her of her right to counsel for the proceeding in satisfaction of Social Services Law § 384-b (3) (e) (cf., Matter of Nassau County Dept. of Social Servs. [Jean G.], 225 AD2d 779).

We also find that the agency established by clear and convincing evidence that the mother is unable to properly and adequately care for her child, at present or in the foreseeable future (see, Social Services Law § 384-b [4] [c]; Matter of Hime Y., 52 NY2d 242). The psychiatrist from Mental Health Services testified that based on her examination of the mother and her review of the records from the hospitals and institutions where the mother had been a patient, she diagnosed the mother as suffering from severe and chronic schizo-affective disorder. The psychiatrist's testimony and report characterized the disorder as progressive and manic and involving, inter alia, delusions, hallucinations, gross thought disorder, catatonia, accelerated agitated behavior, manic-depressive episodes, paranoia, and suicidal ideation. The mother's disorder was long-standing, with a history of at least eight occurrences of

hospitalization and institutionalization, and was compounded by the mother's noncompliance with medication and treatment. This evidence was uncontroverted and is convincing proof of the mother's inability to care for her child, now and in the foreseeable future (see, Matter of Sheila S., 180 AD2d 687; Matter of Andre Jermaine R., 138 AD2d 380).

In finding that the mother suffered from long-standing and continuous mental illness, the court did not improvidently exercise its discretion by not conducting a dispositional hearing (see, Matter of Joyce T., 65 NY2d 39, 46; Matter of Angel Guardian Home [Natasha C.] v Nereida C., 199 AD2d 500).

The mother's remaining contentions are without merit. Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.