■ In the Matter of JESSICA SS., Alleged to be a Child of a Mentally Ill Parent. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PHILIP Z., Appellant. [651 NYS2d 693] —Mercure, J. P. Appeal from an order of the Family Court of Columbia County (Leaman, J.), entered August 7, 1995, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be the child of a mentally ill parent, and terminated respondent's parental rights.

We are not persuaded by respondent's primary contention, that there was not legally sufficient evidence adduced at the fact-finding hearing to support Family Court's determination that respondent was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for his daughter, born in 1992. The court-appointed psychiatrist, Theodore Sabot, testified at the hearing that he had diagnosed respondent as suffering from "chronic schizophrenia undifferentiated, in incomplete remission, not in total remission", and stated that he did not think it was likely "in the foreseeable future that there would be a significant change from [respondent's] current functioning". In his report to Family Court, Sabot also stated that it is "highly unlikely that, in the foreseeable future, [respondent] will be able to adequately take care of his daughter". Albert Rothenberg, the psychiatrist called to testify on respondent's behalf, did not dispute Sabot's

---

conclusions. Rothenberg diagnosed respondent as suffering from "schizophrenic disorder paranoid type residual" and opined that, at best, there was a possibility that respondent could be an adequate parent within a period of 5 to 10 years.

Under the circumstances, we conclude that petitioner established by clear and convincing evidence that respondent suffered from mental illness and would be for the foreseeable future unable by reason of his illness to provide proper and adequate care for his child (*see*, Social Services Law § 384-b [3] [g]; [4] [c]; *Matter of Brett J.*, 206 AD2d 595, 596, *lv denied* 84 NY2d 807; *Matter of Omar B.*, 175 AD2d 834). Notably, " '[t]he mere possibility that respondent's condition * * * could improve in the future is insufficient to vitiate Family Court's conclusion' " (*Matter of Naticia Q.*, 226 AD2d 755, 756, quoting *Matter of Vaketa Y.*, 141 AD2d 892, 893; *see*, *Matter of Brett J.*, *supra*, at 596-597; *cf.*, *Matter of Christina C.*, 185 AD2d 843 [expert rejected diagnosis of schizophrenia and testified as to a likelihood that the respondent would be sufficiently improved to resume care of her children within a 1 to 2-year period]).

We are also unpersuaded that Family Court erred in receiving the properly certified records of respondent's medical treatment pursuant to CPLR 4518 (c) (*see*, *LaDuke v State Farm Ins. Co.*, 158 AD2d 137, 138; *see also*, *Matter of Donald LL.*, 188 AD2d 899, 901). In any event, because the medical records "were clearly the kind of materials accepted in the profession as reliable in forming an opinion" (*Matter of Omar B.*, *supra*), Sabot and Rothenberg would have been permitted to utilize the records as a basis for their opinions even if they had not been received into evidence (*see*, *id.*).

Respondent's remaining contentions are either unpreserved for our consideration or found to be unavailing.

White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.