■ In the Matter of THEONE A. A. and Others, Children Alleged to be Permanently Neglected. LITTLE FLOWER CHILDREN'S SERVICES et al., Respondents; WILBUR McR., Appellant. [723 NYS2d 357] —Orders of disposition, Family Court, New York County (Gloria Sosa-Litner, J.), entered on or about June 16, 1999, which, after a fact-finding hearing, terminated respondent's parental rights to the subject children, upon a finding of permanent neglect, and committed their custody to the Commissioner of Social Services and petitioner agency for purposes of adoption, unanimously affirmed, without costs.

June 16, 1999, which, after a fact-finding hearing, terminated respondent's parental rights to the subject children, upon a finding of mental illness, and committed their custody to the Commissioner of Social Services and petitioner agency for purposes of adoption, unanimously affirmed, without costs.

Family Court's determination that respondent suffers from mental illness, the substantial and chronic nature of which would place the subject children in danger of being neglected if they were returned to her, is supported by clear and convincing evidence. The record reveals an extensive history of mental illness during respondent's entire adult life, including over 15 hospitalizations for psychiatric-related problems. Despite intensive intervention in a 24-hour supervised residence, respondent was delusional during interviews with the court-appointed psychiatrist conducted only a few months before the fact-finding hearing. This history of recurring psychotic episodes supports the conclusion of a poor prognosis (*see, Matter of Gabrielle S.*, 245 AD2d 24). While respondent's expert, her treating psychiatrist, testified that her condition was relatively improved, he was unable to offer an unequivocal opinion about her prognosis and had no opinion about her ability to take care of the children or as to whether the stress of caring for the children would cause her to relapse, as records revealed it had in the past; he could state only that respondent "could manage" to take care of the children, "if she continue[d] to take her medication and was supervised regularly." However, the fact that respondent "might" under some circumstances be able to care for her children in the foreseeable future is insufficient to vitiate Family Court's conclusions as to the extent of her disability and its impact on her ability to fulfill her prospective parental responsibilities (*see, Matter of Jessica SS.*, 234 AD2d 865; *Matter of David Joseph G.*, 169 AD2d 439). In view of the clear and convincing evidence that respondent suffered from a mental disorder that rendered her incapable of caring for the children in the foreseeable future, it is immaterial that the experts disagreed about the specific diagnosis (*see*, Social Services Law § 384-b [6] [a]).

The court properly determined that a termination of respondent's parental rights is in the best interests of the children (*see, Matter of Star Leslie W.*, 63 NY2d 136, 147-148). While respondent has made commendable progress, she still requires intensive care in a controlled setting. Unfortunately, in these circumstances, respondent's good intentions and her love for her children do not compensate for her inability to discharge the day-to-day parental responsibilities for their care (*see, Mat-*

*ter of Lisa M.*, 261 AD2d 241). Concur—Sullivan, P. J., Andrias, Ellerin, Rubin and Buckley, JJ.