■ In the Matter of ERIC X.J. ST. VINCENT'S SERVICES, INC., Respondent; TARA C., Appellant. (Proceeding No. 1.) In the Matter of JOY V.J. ST. VINCENT'S SERVICES, INC., Respondent; TARA C.; Appellant. (Proceeding No. 2.) In the Matter of JU- MANNE S.C. ST. VINCENT'S SERVICES, INC., Respondent; TARA C., appellant. (Proceeding No. 3.) [772 NYS2d 374]—

In three proceedings pursuant to Social Services Law § 384-b to terminate parental rights based on mental illness, the mother appeals from three orders of disposition of the same court, all

dated August 8, 2001, which, after a hearing, found that she was unable by reason of mental illness to provide proper and adequate care for the subject children, terminated her parental rights, and transferred custody and guardianship of the subject children to the Commissioner of Social Services of the City of New York and the petitioner St. Vincent's Services, Inc., for the purpose of adoption.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to also be a premature notice of appeal from the orders of disposition; and it is further,

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Contrary to the mother's contention, there is clear and convincing evidence to support the conclusion that she is, by reason of mental illness, presently and for the foreseeable future unable to provide proper and adequate care for her children (*see* Social Services Law § 384-b; *Matter of Heather Rose R.,* 301 AD2d 530 [2003]; *Matter of Laura D.,* 270 AD2d 261 [2000]; *Matter of Virginia Denise R.,* 249 AD2d 400 [1998]; *Matter of Michelle H.,* 228 AD2d 440 [1996]). The court-appointed psychiatrist testified, on the basis of his review of the mother's medical records and his own interview, that she suffers from major depressive disorder with psychotic episodes and suicidal ideation which had necessitated repeated hospitalizations. Upon her release from the hospital, the mother became noncompliant with prescribed medications, and was also involved in an abusive relationship. As a result, her children were at risk of being neglected in the present and the foreseeable future. This evidence supported the Family Court's findings that the mother suffers from a serious mental illness including aural hallucinations, periods of incoherence and continued suicidal gestures, and other self-destructive behaviors.

The mother's remaining contentions are without merit. Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.