■ In the Matter of DANIELLE C. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Respondents; ANGELA C., Appellant. [774 NYS2d 431]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights by reason of her mental illness, the mother appeals from an order of the Family Court, Queens County (Bogacz, J.), entered November 26, 2002, which, after a hearing, terminated her parental rights and transferred guardianship and custody of the child to the Commissioner of Social Services of the City of New York and Seamen's Society for Children and Families.

Ordered that the order is affirmed, without costs or disbursements.

Seamen's Society for Children and Families, the petitioning agency, established by clear and convincing evidence that the mother was unable to properly and adequately care for her child, now and in the foreseeable future, by reason of mental illness (*see* Social Services Law § 384-b [3] [g]; [4] [c]; *Matter of Harlem Dowling-Westside Ctr. for Children & Family Servs. v Marion L.C.,* 264 AD2d 845 [1999]; *cf. Matter of Hime Y.,* 52 NY2d 242, 245, 249 [1981]). The testimony elicited from the expert psychiatrist of the petitioning agency established that the mother suffered from a personality disorder with symptoms of paranoia. The mother's disorder was long-standing, and she had a history of neglect and inability to act in accordance with her child's needs due to her personality disorder. The expert psychiatrist also opined that the mother was neither available for treatment nor responsive to it, due to the nature of her condition and her denial of it, and that the child would be at risk in the future if returned to the mother's care. This evidence constituted clear and convincing proof of the mother's inability to care for her child, now and in the foreseeable future (*see Matter of Virginia Denise R.,* 249 AD2d 400 [1998]; *Matter of Michelle H.,* 228 AD2d 440 [1996]).

The mother's remaining contentions do not require reversal. Prudenti, P.J., Ritter, Luciano and Crane, JJ., concur.