■ In the Matter of NINA D. ST. CHRISTOPHER-OTTILIE, Respondent; DIANE S., Appellant, et al., Respondent. In the Matter of MALE S., Also Known as EDDIE S. ST. CHRISTOPHER-OTTILIE, Respondent; DIANE S., Appellant, et al., Respondent. [775 NYS2d 377]—

In two related proceedings, inter alia, pursuant to Social Services Law 384-b to terminate parental rights on the ground of mental illness, the mother appeals from two orders of disposition of the Family Court, Kings County (Lim, J.) (one as to each child), both dated March 17, 2003, which, after a hearing, terminated her parental rights and committed the custody and guardianship of the children to St. Christopher-Ottilie for the purpose of adoption.

Ordered that the orders are affirmed, without costs or disbursements.

We agree with the Family Court that the petitioner demonstrated by clear and convincing proof that the mother is presently, and for the foreseeable future, will be unable by reason of her mental illness to provide proper and adequate care for her children (*see* Social Services Law § 384-b [4] [c]; *Matter of Joyce T.*, 65 NY2d 39 [1985]; *Matter of Christina C.*, 185 AD2d 843 [1992]).

After interviewing the mother and reviewing her medical records, the court-appointed psychiatrist testified that the mother suffered from major depressive disorder and borderline personality disorder. He also testified that the mother suffered from a long history of psychiatric hospitalizations, difficulty controlling her behavior, explosiveness, tantrums, and fighting that started in early childhood and continued into adulthood. He also testified that the combination of the mother's depression with her underlying personality disorder would not readily respond to conventional treatment such as medication. It was his opinion, with a reasonable degree of medical certainty, that the mother was unable, presently or in the foreseeable future, to care for her children due to her mental illness. This unrebutted testimony was clearly sufficient to support the Family Court's findings (*see Matter of Virginia Denise R.*, 249 AD2d 400 [1998]; *Matter of Juliana V.*, 249 AD2d 314 [1998]; *Matter of Denise Emily K.*, 154 AD2d 596 [1989]).

In finding that the mother suffered from long-standing and continuous mental illness, the court providently exercised its discretion in declining to conduct a dispositional hearing (*see . Matter of Joyce T., supra* at 45; *Matter of Michelle H.*, 228 AD2d 440 [1996]; *Matter of Angel Guardian Home [Natasha C.] v Nereida C.*, 199 AD2d 500 [1993]).

There is no merit to the mother's claim that she was denied the effective assistance of counsel based on her counsel's failure to call certain witnesses to testify (*see Matter of Kianna C.*, 292 AD2d 380 [2002]; *Matter of Claudina Paradise Damaris B.*, 227 AD2d 135 [1996]). Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.