■ In the Matter of DAYJAH ANN B., Also Known as DAYJAH B. ST. CHRISTOPHER-OTTILLIE, Respondent; VERRON V., Appellant. (Proceeding No. 1.) In the Matter of DAAUWD DAVID MICHAEL MUHAMMAD B., Also Known as DAAUWD B. ST. CHRISTOPHER-OTTILLIE, Respondent; VERRON V., Appellant. (Proceeding No. 2.) In the Matter of KORAN HASSAN MUHAMMED V., Also Known as KORAN V. ST. CHRISTOPHER-OTTILLIE, Respondent; VERRON V., Appellant. (Proceeding No. 3.) [787 NYS2d 103]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of mental illness, the mother appeals from three orders of disposition of the Family Court, Kings County (Staton, J.) (one as to each child), each dated February 19, 2003, which, after a fact-finding hearing, terminated her parental rights and transferred custody and guardianship of the children to St. Christopher-Ottillie and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Contrary to the mother's contentions, there was clear and convincing evidence to support the conclusion that she is, by reason of mental illness, presently and for the foreseeable future unable to provide proper and adequate care for her three children (*see* Social Services Law § 384-b [4] [c]; *Matter of Hime Y.,* 52 NY2d 242 [1981]; *Matter of Nina D.,* 6 AD3d 702 [2004];

*Matter of Michelle H.,* 228 AD2d 440 [1996]). After examining the mother and reviewing her records, the court-appointed psychiatrist testified that the mother suffers from bipolar disorder resulting in acute episodes of psychosis which has led to numerous hospitalizations. In addition, she suffers from a personality disorder characterized by paranoia, maladaptive behavior, and a strong tendency to ascribe her difficulties to others and other circumstances. The court-appointed psychiatrist opined that, despite the fact that the mother was not then psychotic, due to the long-term nature of her illness, her lack of insight into her mental condition, her refusal to maintain a course of treatment and take medication, any child placed under her care would be at risk because she would likely suffer a recurrence of psychosis. On two occasions the mother, when in such a state, assaulted her children. The court-appointed psychiatrist further testified that he did not think her condition would stabilize in the foreseeable future. This unrebutted testimony was sufficient to support the Family Court's findings (*see Matter of Nina D., supra; Matter of Juliana V.,* 249 AD2d 314 [1998]; *Matter of Michelle H., supra*).

The mother's remaining contentions are without merit. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.