■ In the Matter of KARYN KATRINA D. ASSOCIATION TO BENEFIT CHILDREN/VARIETY HOUSE FOR CHILDREN, Respondent; KELTY D., Also Known as CASSIE D., Appellant. [797 NYS2d 536]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, inter alia, on the ground of mental illness, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Lim, J.), dated June 14, 2004, as, after a fact-finding hearing, determined that she is unable to provide proper and adequate care for the subject child by reason of her mental illness, terminated her parental rights, and transferred custody and guardianship of the child to the Association to Benefit Children/Variety House for Children and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly found that there was clear and convincing evidence

that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child (*see* Social Services Law § 384-b [4] [c]; *Matter of Joyce T.*, 65 NY2d 39, 45-46 [1985]; *Matter of Julia P.*, 8 AD3d 389 [2004]; *Matter of Erica D.*, 294 AD2d 435 [2002]; *Matter of Pauline Y.*, 193 AD2d 686 [1993]). After a psychiatrist interviewed the mother and reviewed her voluminous medical records pertaining to her history of mental illness, he opined that due to the chronic nature of her illness, the severity of her symptoms, and her lack of insight about her illness, if returned to the mother, the child would be at risk of being neglected in the present and foreseeable future (*see Matter of Winston Lloyd D.*, 7 AD3d 706, 707 [2004]; *Matter of Pariis L.*, 286 AD2d 501 [2001]; *Matter of Erica D., supra*).

The Family Court providently exercised its discretion by not conducting a separate dispositional hearing, as the petition was granted on the ground of mental illness (*see Matter of Joyce T., supra* at 46; *Matter of Julia P., supra; Matter of Winston Lloyd D., supra* at 707; *Matter of Nina D.*, 6 AD3d 702, 703 [2004]; *Matter of Michelle H.*, 228 AD2d 440 [1996]).

The mother's remaining contentions are without merit. Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.