█ In the Matter of LINA CATALINA R. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEONALDO R., Appellant. [800 NYS2d 589]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the grounds of mental illness and permanent neglect, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Suffolk County (Lehman, J.), entered February 4, 2004, as, after fact-finding and dispositional hearings, terminated his parental rights on the ground of mental illness and transferred custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of disposition is reversed insofar as appealed from, on the law and the facts, without costs and disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and determination in accordance herewith.

To terminate parental rights on the ground of mental illness, it was incumbent upon the petitioner Suffolk County Department of Social Services (hereinafter the DSS) to demonstrate by clear and convincing proof (*see* Social Services Law § 384-b [3] [g]) that the father was presently, and will be for the foreseeable

future, unable by reason of his mental illness to provide proper and adequate care for the subject child (*see* Social Services Law § 384-b [4] [c]; *Matter of Harlem Dowling-Westside Ctr. for Children & Family Servs. [Ebony Shaquiera C.] v Marion L.C.*, 264 AD2d 845 [1999]). We disagree with the Family Court's determination that the petitioner met its burden of adherence to the strict statutory mandate of clear and convincing evidence (*see Matter of Daniel Aaron D.*, 49 NY2d 788, 790 [1980]; *Matter of Edon F.*, 256 AD2d 577 [1998]). Accordingly, we reverse.

On February 27, 2003, the DSS filed two petitions to terminate the father's parental rights pursuant to Social Services Law § 384-b on the grounds of mental illness and permanent neglect. The Family Court appointed Dr. Jane Albertson Kelly to conduct a psychological examination of the father. In the psychological report that was introduced into evidence at the fact-finding hearing, Dr. Kelly concluded that the father suffered from bipolar disorder and substance abuse dependency, that he had established a pattern of sobriety and compliance with medication to the extent that the symptoms of his bipolar disorder were temporarily under control, but that the father was not "capable of providing adequate care to a child at this time." However, it was not possible for Dr. Kelly "to state within a reasonable degree of psychological certainty that this would always be the case." Dr. Kelly also testified at the fact-finding hearing that she could not say whether the father's mental illness would preclude him from being able to care for the child within a reasonable time. Specifically, Dr. Kelly stated: "[t]he question was can I absolutely preclude that on the basis of mental illness and the answer is I cannot." Given this evidence we cannot agree with the Family Court's conclusion that it was obvious based upon the standard of proof that the appellant is currently incapable of caring for the child and will be so incapable for the foreseeable future (*see Matter of Hime Y.*, 52 NY2d 242 [1981]; *Matter of Christina C.*, 185 AD2d 843 [1992]).

We note that the Family Court found that for a period of more than one year the petitioner had exerted diligent efforts to encourage and strengthen the parental relationship and had offered the father numerous and appropriate types of meaningful assistance. However, the Family Court held that the issue of permanent neglect was academic in light of its finding of mental illness. Accordingly, we remit this matter to the Family Court, Suffolk County, for a new hearing to determine whether the petitioner has established its case based upon permanent neglect. Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.