■ In the Matter of Jimmy Jeremie R., an Infant. Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn, Respondent; Hilda C., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of Haydee R., an Infant. Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn, Respondent; Hilda C., Appellant, et al. Respondent. (Proceeding No. 2.) In the Matter of Tatiana W., an Infant. Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn, Respondent; Hilda C., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of Iesha W., an Infant. Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn, Respondent; Hilda C., Appellant, et al., Respondent. (Proceeding No. 4.) [814 NYS2d 546]—In four related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate parental rights on the ground of mental illness, the mother appeals, as limited by her brief, from so much of four orders of the Family Court, Kings County (Elkins, J.), all dated November 17, 2004 (one as to each child), as, after a fact-finding hearing, determined that she is presently and for the foreseeable future unable to provide proper and adequate care for the subject children by reason of her mental illness, terminated her parental rights, and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contentions, the Family Court's conclusion that the appellant is, by reason of mental illness, presently and for the foreseeable future unable to provide proper and adequate care for her four children, was supported by clear and convincing evidence (*see Matter of Dayjah Ann B.*, 13 AD3d 518 [2004]; *Matter of Nina D.*, 6 AD3d 702 [2004]; *Matter of Demetrius F.*, 176 AD2d 940 [1991]).

Moreover, the Family Court, in finding that the mother suffered from a mental illness, providently exercised its discretion in declining to conduct a dispositional hearing (*see Matter of Joyce T.*, 65 NY2d 39, 42 [1985]; *Matter of Nina D., supra* at 703). Miller, J.P., Luciano, Lifson and Covello, JJ., concur.