*786 In four related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the mother’s parental rights based on mental illness, the mother appeals, as limited by her brief, from four orders of fact-finding and disposition of the Family Court, Queens County (Richardson-Mendelson, J.), dated June 28, 2007 (one as to each child), as, after a fact-finding hearing, found that she is unable to provide proper and adequate care for the subject children by reason of her mental illness, terminated her parental rights, and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
Evidence in the form of the testimony and written evaluation of a psychologist who interviewed the mother and reviewed records of her health and her repeated psychiatric hospitalizations, foster care agency records, and previous evaluations, established by clear and convincing evidence that she is, by reason of long-term mental illness accompanied by noncompliance with treatment and uncontrolled symptoms, presently and for the foreseeable future unable to provide proper and adequate care for her four children, so as to support the termination of her parental rights (see Matter of Karyn Katrina D., 19 AD3d 592 [2005]; Matter of Dayjah Ann B., 13 AD3d 518 [2004]; Matter of Nina D., 6 AD3d 702 [2004]; Matter of Heather Rose R., 301 AD2d 530 [2003]; Matter of Laura D., 270 AD2d 260 [2000]; Matter of Virginia Denise R., 249 AD2d 400 [1998]; Matter of Michelle H., 228 AD2d 440 [1996]; cf. Matter of Hime Y., 52 NY2d 242 [1981]; Matter of Lina Catalina R., 21 AD3d 563 [2005]).
There is no merit to the mother’s claim that she was deprived of the effective assistance of counsel based on her counsel’s failure to call certain witnesses to testify (see Matter of Nina D., 6 AD3d 702 [2004]; Matter of Kianna C., 292 AD2d 380 [2002]; Matter of Claudina Paradise Damaris B., 227 AD2d 135 [1996]).
In light of the establishment of the mother’s long-term inability to care for the children, who had been in foster care since 2001, the court properly freed them for adoption without conducting a separate dispositional hearing (see Matter of Joyce T., 65 NY2d 39, 46 [1985]; Matter of Jimmy Jeremie R., 29 AD3d 913, .914 [2006]). Skelos, J.P., Lifson, Santucci and Garni, JJ., concur.