■ In the Matter of B. Mc., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAWN Mc., Appellant. (Proceeding No. 1.) In the Matter of B. Mc., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL K., Appellant. (Proceeding No. 2.) [953 NYS2d 216]—

The mother's contention that the Family Court erred in considering the reports and testimony of the forensic evaluator because they were based on hearsay is unpreserved for appellate review (*see Matter of Aaron W. v Shannon W.*, 96 AD3d 960 [2012]). In any event, the mother consented to the admission of the forensic evaluator's reports. Thus, the Family Court properly admitted the reports into evidence (*see Matter of Berrouet v Greaves*, 35 AD3d 460, 461 [2006]).

Contrary to the parents' contentions, the Family Court properly found that there was clear and convincing evidence that each of them is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child (*see* Social Services Law § 384-b [4] [c]). A licensed psychologist, who interviewed the mother and reviewed her medical records, concluded that the mother suffers from "schizoaffective disorder, bipolar type," and opined that due to the nature of her illness, the serious and enduring

deficits in her ability to parent, and her lack of insight about her illness, the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child. The psychologist also interviewed the father and determined that he suffers from "personality disorder, NOS with schizoid and paranoid features," which "manifests as a marked and persistent social detachment and a pattern of distrust and suspiciousness." The psychologist opined that the father has "little or no insight into his personality disorder or the limitations that it might create for him as a parent," and noted that despite repeated recommendations that he participate in psychotherapy, he had "apparently entirely failed to do so." The psychologist concluded that the father is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child. This evidence supported the findings of the Family Court (see Matter of Dominique Larissa Blue M. [Yasmin M.], 84 AD3d 962, 963 [2011]; Matter of Dominique R., 38 AD3d 211 [2007]; Matter of Karyn Katrina D., 19 AD3d 592, 593 [2005]; Matter of Dayjah Ann B., 13 AD3d 518, 519 [2004]).

Further, the Family Court properly found that the parents permanently neglected the subject child. The petitioner established, by clear and convincing evidence, that it exercised diligent efforts to encourage and strengthen the parental relationship by, among other things, developing a service plan, facilitating regular visitation with the child, and referring the parents to parenting classes (see Matter of Hadiyyah J.M. [Fatima D.R.], 91 AD3d 874, 874-875 [2012]; Matter of Danielle Joy K., 60 AD3d 948 [2009]). Despite these efforts, the parents failed to plan for the child's future (see Social Services Law § 384-b [7] [c]; Matter of Hadiyyah J.M. [Fatima D.R.], 91 AD3d at 875).

Accordingly, the Family Court properly terminated the parents' parental rights on the grounds of both mental illness and permanent neglect. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.