Matter of Baby Boy R. (Diana R.) (2018 NY Slip Op 05050)





Matter of Baby Boy R. (Diana R.)


2018 NY Slip Op 05050


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-01206
 (Docket No. B-7757-13)

[*1]In the Matter of Baby Boy R. (Anonymous), also known as Miguel R. (Anonymous). SCO Family of Services, petitioner-respondent; Diana R. (Anonymous), also known as Diana L. (Anonymous), appellant, et al., respondent.


Geanine Towers, Brooklyn, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Angella S. Hull, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Connie Gonzalez, J.), dated December 19, 2016. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The mother, who has been diagnosed with schizoaffective disorder, bipolar type, and has a long history of psychiatric hospitalizations, gave birth to the subject child in March 2011. The child was removed from the mother's care and placed in foster care several days after he was born. In March 2013, the petitioner, SCO Family of Services, commenced this proceeding pursuant to Social Services Law § 384-b, alleging that the mother's parental rights should be terminated on the ground of mental illness. Following fact-finding and dispositional hearings, the Family Court found that the mother was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the child, terminated her parental rights, and transferred guardianship and custody of the child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption. The mother appeals.
The petitioner established, by clear and convincing evidence, that the mother is presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the child (see Social Services Law § 384-b[3][g][i]; [4][c]; Matter of Lina Catalina [*2]R., 21 AD3d 563, 563-564). The court-appointed expert testified that the mother's mental illness prevents her from adequately caring for the child, and the mother's testimony confirmed that she lacked insight into the nature and extent of her mental illness.
We agree with the Family Court's determination that the child's best interests would be served by transferring guardianship and custody to the Commissioner of Social Services of the City of New York and the petitioner with a goal of freeing the child for adoption (see Matter of Elias P. [Ferman P.], 145 AD3d 1066, 1070).
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court